**Floyd H. VINSON, Plaintiff-Appellant,**

v.

**FORD MOTOR COMPANY,
Defendant-Appellee.**

No. 85–5976.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 29, 1986.

Decided Dec. 3, 1986.

Rehearing and Rehearing En Banc
Denied Jan. 16, 1987.

---

Arthur R. Samuel, Louisville, Ky., for plaintiff-appellant.

Jon L. Fleischaker, argued, K.K. Greene, Louisville, Ky., for defendant-appellee.

Before MERRITT, GUY, and NORRIS, Circuit Judges.

RALPH B. GUY, Jr., Circuit Judge.

Plaintiff appeals the entry of judgment notwithstanding the verdict in favor of defendant after a jury trial on his age discrimination claim. For the reasons stated below, we affirm.

Plaintiff is a long-term employee of the Ford Motor Company's Louisville Assembly Plant in Kentucky. In January, 1980, plaintiff filed a complaint with the EEOC alleging age discrimination. The interview with the EEOC indicates that plaintiff complained about a series of events beginning in November, 1977. Included was the fact that in January, 1979, plaintiff had been demoted. The interview sheet ended by plaintiff claiming that

> [i]n April 1979 I was promised by Joe Weingart, Material Manager, that I would be placed in the position of Parts Control and volume scheduling manager, a job I am qualified and held previously for three years. On 1–16–80 this job was assigned to Al Pierce, age 35–36 years old, no experience and less time with the Co.

The charge, as framed by the EEOC, stated: "I believe I were (sic) denied a promotion because of my age."

Plaintiff filed suit in April, 1982, alleging discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623, asserting that (1) he was demoted in January, 1979, because of his age, and (2) he was denied a promotion in January, 1980, because of his age. Before trial, defendant moved for summary judgment as to the 1979 demotion, arguing that plaintiff had never filed an administrative complaint concerning the demotion, and therefore, he had failed to comply with a jurisdictional prerequisite for filing a civil action under ADEA. 29 U.S.C. § 626(d). The trial court denied defendant's motion, noting that plaintiff had referred to the demotion in his interview statement with the EEOC. The case was tried to a jury from January 7 to January 11, 1985. The jury found for plaintiff on his 1979 demotion claim, but against plaintiff on his 1980 failure to promote claim. The jury awarded $2,057.16 for lost wages as a result of the demotion, and also awarded liquidated damages on that claim, for a total award of $5,014.32.

After trial, defendant moved for judgment n.o.v., reasserting the same claims presented in its motion for summary judgment. The court, based on the evidence presented at trial, this time sustained defendant's motion, finding that, in fact, plaintiff did not file any charge of age discrimination concerning the 1979 demotion with the EEOC or any administrative agency. Accordingly, the court determined that it was without jurisdiction as to that claim.

It is well settled that the filing of a charge with the EEOC is a jurisdictional prerequisite to the filing of a civil action under ADEA. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979); 29 U.S.C. § 626(d). Moreover, when jurisdiction is challenged, the burden of establishing jurisdiction lies with the party asserting it. The only evidence to support plaintiff's contention that he complained about the 1979 demotion in relation to his age discrimination claim is the interview statement of the EEOC. However, in that statement plaintiff complained about a series of events, the demotion being one of many, which culminated in plaintiff's belief he had been discriminated against based on age when he was denied a promotion in 1980. Plaintiff does not indicate that these other incidents were other than historical background relative to the specific EEOC charge filed. Furthermore, plaintiff presented no evidence as to the scope of the investigation conducted by the EEOC. The court thus had no way of knowing whether the EEOC attempted to conciliate the demotion claim. Conciliation is an important purpose of the requirement that a claimant first file with an administrative agency. Finally, we note that the requirement that a claimant file a charge which identifies the conduct he believes is discriminatory is not a hypertechnical legal prerequisite. All plaintiff was required to do was identify that conduct which he felt was the result of age discrimination. It does not constitute an unjustifiable burden on claimants to require them to specify each such event. And it is necessary, if the administrative process is to work, that a claimant

so articulate his beliefs. Accordingly, the district court did not err in granting judgment n.o.v. in favor of defendant.

In view of our disposition of this claim, we need not discuss other issues raised by plaintiff. The judgment of the district court is AFFIRMED.

MERRITT, Circuit Judge, dissenting.

The issue in this case, which arises under the Age Discrimination in Employment Act, 29 U.S.C. § 623 (1982), is whether plaintiff complied with a jurisdictional prerequisite for bringing an age discrimination action. Unlike the majority, I believe that plaintiff did comply with 29 U.S.C. § 626(d), and I therefore dissent.

Section 626(d) provides in pertinent part: "No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." The question on appeal is whether plaintiff's actions were sufficient to constitute "filing a charge" under this provision of the Act with respect to plaintiff's 1979 demotion.

The requirement of "filing a charge" under Section 626(d) should be construed broadly in light of the statutory purpose of the Act and the legislative history of this particular provision. Numerous cases have held that the Act is a broad remedial statute and should be construed liberally. *See, e.g., Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 765, 99 S.Ct. 2066, 2076, 60 L.Ed.2d 609 (1979) (Blackmun, J., concurring); *Dartt v. Shell Oil Co.*, 539 F.2d 1256, 1260 (10th Cir.1976) (the Act is "remedial and humanitarian legislation and should be liberally interpreted to effectuate the congressional purpose of ending age discrimination in employment"), *aff'd per curiam*, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977); and *Holliday v. Ketchum, MacLeod & Grove, Inc.*, 584 F.2d 1221, 1229-30 (3rd Cir.1978) (courts should liberally construe statute and be "chary about creating unnecessary procedural bars which may, at the outset, require the dismissal of other-

wise meritorious age discrimination claims"). The Supreme Court has also stated that the purposes of the Act should not be frustrated by procedural technicalities. *See Love v. Pullman Co.*, 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972) ("Such technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process.")

The legislative history of Section 626(d) reinforces the view that this provision is to be construed broadly. The Congressional conference report relating to the 1978 amendments to the Act explicitly identifies the purpose of Section 626(d):

> ... the basic purpose of the notice requirement ... is to provide the Department [of Labor] with sufficient information so that it may notify prospective defendants and to provide the Secretary with an opportunity to eliminate the alleged unlawful practices through informal methods of conciliation. Therefore, the conferees intend that the "charge" requirement will be satisfied by the filing of a written statement *which identifies the potential defendant and generally describes the action believed to be discriminatory.* (emphasis added)

H.R. Conf. Rep. No. 950, 95th Cong., 2nd Sess. 12 (1978), *reprinted in* 1978 U.S.Code Cong. & Admin.News 504, 534.

In light of the statutory purpose and legislative history, I believe that Vinson did "file a charge" for purposes of Section 626(d). Vinson should not be held to a higher standard than a pro se litigant in federal court insofar as pleading requirements. Under notice pleading, a pro se litigant would not be required to specify each transaction at issue; complaining of the overall wrongful conduct would be sufficient.

Vinson mentioned the 1979 demotion in the employee personal interview statement with the EEOC. Under the notice pleading analogy, this should be sufficient to constitute "filing a charge" with respect to the 1979 demotion. Such a construction is consistent with the requirements that courts broadly construe the Act. Moreover, it is supported by the particular legislative history of Section 626(d). In sum, if the statutory scheme is to work as Congress intended, then a layman such as Vinson must not be barred from bringing age discrimination actions under the Act by mere technicalities.

Accordingly, I dissent.