Jack J. WHEELWRIGHT,
et al., Plaintiffs,

v.

CLAIROL, INC., Defendant.

No. C–1–89–442.

United States District Court,
S.D. Ohio, W.D.

May 17, 1991.

Frank Stewart, Cincinnati, Ohio, for Wheelwright.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SPIEGEL, District Judge.

This matter is before the Court on the defendant's motion for summary judgment (doc. 44), the plaintiffs' memorandum in opposition (doc. 54) and supporting affidavits (doc. 56), and the defendant's reply memorandum (doc. 58).

In 1983, Clairol hired plaintiff Jack Wheelwright as an irregular part-time merchandiser at age 64. The plaintiff's work was evaluated after his first six months of employment, and his work was reviewed on an annual basis thereafter. The plaintiff's work was rated as "meeting expectations" in his six-month review. Approximately nine months after the plaintiff was hired as an irregular part-time merchandiser, the defendant hired him as a regular part-time merchandiser at age 65. The plaintiff's work was rated as "meeting expectations" in each of his annual reviews from 1984 to 1986. Although the plaintiff was given favorable performance reviews during this period, the plaintiff was cautioned on several occasions to pay greater attention to certain details when making sales calls.

During the first quarter of 1986, the plaintiff was transferred to a new sales territory on the west side of Cincinnati. The defendant contends that the plaintiff's supervisors, fellow employees, and customers noticed a substantial decline in the plaintiff's job performance after his transfer. The decline in the plaintiff's job performance was related to the defendant's earlier concern that the plaintiff needed to pay greater attention to detail when making sales calls.

On October 13, 1987, Sam Bauer, one of Clairol's district managers, sent a memorandum to the plaintiff giving him 90 days to improve his performance or Clairol would be forced to take "other actions." On October 16, 1987, the plaintiff met with Bauer and Clairol's regional manager William Essington. They reviewed Bauer's audit of the plaintiff's sales calls which prompted Bauer's memorandum of October 13. The plaintiff now contends that some of the information contained in Bauer's audit was false. However, the plaintiff did not call this fact to the attention of either Bauer or Essington at any time prior to his termination, nor has the plaintiff offered any evidence that Essington knew or should have known that any of this information may have been false. The plaintiff was also given his annual review for 1987 during the meeting on October 16, which the plaintiff contends was six months overdue. The plaintiff's work was rated as "needing improvement." The plaintiff was advised that his poor performance must have been due to "burn-out."

The defendant contends that the plaintiff's performance continued to decline, and the plaintiff's work was rated as "unsatisfactory" in his 1988 annual review. On June 6, 1988, the plaintiff was put on a five-week probationary period, and he was notified that if his performance did not improve he would be terminated. Upon being placed upon probation, the plaintiff stated that he "would not break his neck" to improve his performance. Ronald Naehring, a Clairol district manager, was assigned by Essington to work with the plaintiff during this probationary period. The defendant contends that the plaintiff's work did not improve and that the plaintiff adopted a belligerent attitude during his probationary period. The plaintiff contends that Naehring's negative evaluation of his work was based on audits which focused on insignificant aspects of his job performance or focused on items over which the plaintiff had no control. On July 29, 1988, Essington terminated the plaintiff on Naehring's recommendation at age 69.

The defendant moves for summary judgment on all twelve counts contained in the

plaintiffs' second amended complaint. Count I of the second amended complaint alleges that Jack Wheelwright was given an unfavorable evaluation in 1987 because of his age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634. Count II alleges that the plaintiff was subjected to a hostile work environment because of his age in violation of the ADEA. Count III alleges that Wheelwright was discharged on the basis of his age and in retaliation for filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) in violation of the ADEA. Count IV alleges that Wheelwright's discharge violated Ohio Rev.Code § 4101.17. Count XII alleges that these discriminatory actions of the defendant violated Ohio Rev. Code § 4112.99. In Counts V through XI of the second amended complaint, Jack Wheelwright and his wife Alpha alleged various pendent claims under the common law of Ohio. However, the Court granted the plaintiffs' motion for leave to amend their complaint to dismiss these counts. *See* doc. 52. Therefore, the defendant's motion for summary judgment on Counts V through XI of the second amended complaint is moot.

The narrow question that we must decide on a motion for summary judgment is whether there is a "genuine issue as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court cannot try issues of fact on a Rule 56 motion, but is empowered to determine only whether there are issues to be tried. *In re Atlas Concrete Pipe, Inc.*, 668 F.2d 905, 908 (6th Cir.1982). The moving party "has the burden of showing *conclusively* that there exists no genuine issue as to a material fact and the evidence together with all inferences to be drawn therefrom must be read in the light most favorable to the party opposing the motion." *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.) (emphasis in original), *cert. denied*, 444 U.S. 986 (1979). Summary judgment "must be used only with extreme caution for it operates to deny a litigant his day in court." *Id.* We are further guided by the Supreme Court's re-cent elaboration of this standard in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) as follows:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.

*Celotex*, 477 U.S. at 322.

■ The defendant argues that it is entitled to summary judgment on Count I of the second amended complaint because the plaintiff's 1987 performance review was never made the subject of a charge with the EEOC. The filing of a charge with the EEOC is a jurisdictional prerequisite to the filing of a civil action under the ADEA. *Vinson v. Ford Motor Company*, 806 F.2d 686, 688 (6th Cir.1986). The plaintiff has offered no evidence that he filed a charge relating to his 1987 performance review with the EEOC. Therefore, we hereby grant the defendant's motion for summary judgment as to Count I of the plaintiff's second amended complaint.

■ The defendant argues that it is entitled to summary judgment on Count II of the second amended complaint because the plaintiff has failed to produce any evidence that his conditions of employment were different from those of younger employees. The plaintiff contends that the conditions of his employment began to change after October of 1987, and that thereafter he was treated differently than younger employees in a variety of ways. The plaintiff claims that he attended fewer meetings for part-time merchandisers than younger employees. However, the plaintiff does not explain how his failure to attend these meetings was in any way related to the defendant's conduct or policies. The plaintiff also claims that Naehring was an unsupportive supervisor, and that Naehring was made his supervisor during his probationary period as part of a plan to discriminate against the plaintiff on the basis of his age. However, Naehring also supervised younger employees. Therefore, the fact

that Naehring may have been a bad supervisor is not evidence of age discrimination.

The plaintiff also claims that he was subjected to more audits during this time period than younger employees. However, the defendant had already warned the plaintiff that his job performance must improve. The frequency of audits may easily have been motivated by the defendant's desire to monitor the performance of a marginal employee rather than by a desire to harass an older employee. The plaintiff has offered no proof that the younger employees who were less frequently audited had received similar warnings about their job performance. Furthermore, the plaintiff has offered no convincing evidence that the warnings and probationary period he received due to his alleged poor performance were sanctions more severe than those given to younger employees who performed their jobs in the same manner as the plaintiff.

In short, the plaintiff claims that he was treated unfairly. However, the plaintiff is unable to demonstrate that he was treated differently than younger employees who performed their jobs in a manner similar to the plaintiff. Therefore, we hereby grant the defendant's motion for summary judgment as to Count II of the second amended complaint.

Counts III and IV of the second amended complaint allege that the plaintiff's employment was terminated in violation of the ADEA and Ohio Rev.Code § 4101.17. In order for the plaintiff to establish a prima facie case of age discrimination under the ADEA or under Ohio law, the plaintiff must establish each of the following elements: (1) he was a member of the protected class, (2) he was qualified for the position he held and was performing his duties satisfactorily, (3) he was discharged by the defendant, and (4) he was replaced by a person who is not a member of the protected class. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Barker v. Scovill, Inc.*, 6 Ohio St.3d 146, 148 (1983).

■ The defendant argues that the plaintiff cannot establish his prima facie

case because he cannot prove that he was qualified for his job. In order for the plaintiff to show that he was qualified for his job, the plaintiff must prove that he was performing his job "at a level that met his employer's legitimate expectations." *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1160 (6th Cir.1990). The plaintiff argues that he met the defendant's legitimate expectations. The plaintiff asserts that the defendant's complaints regarding his job performance dealt with trivial and insignificant aspects of his job. The plaintiff also produced evidence that many of his customers were satisfied with his performance. However, if the plaintiff was not doing what was required of him by his supervisors, he does not raise a genuine issue of material fact as to the quality of his work merely by challenging the judgment of his supervisors. *Id.* The plaintiff has failed to produce evidence that his supervisors subjected his work to a different standard than they subjected the work of younger employees. Therefore, we believe that the plaintiff is unable to establish his prima facie case because he is unable to show that he met his employer's legitimate expectations.

■ Even if the plaintiff is capable of establishing a prima facie case of age discrimination, the defendant has asserted a valid nondiscriminatory reason for terminating the plaintiff's employment. The defendant contends that the plaintiff was discharged because of his poor job performance and his belligerence during his five-week probationary period. Once a defendant has asserted a nondiscriminatory ground for its actions, the plaintiff has the burden of showing that the nondiscriminatory ground asserted is a pretext for discrimination. The plaintiff may meet this burden "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proferred explanation is unworthy of credence." *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981); *accord Sims v. Cleland*, 813 F.2d 790, 792 (6th Cir.1987).

■ The plaintiff's direct evidence that the plaintiff's discharge was the result of age discrimination consists of a single statement made by the defendant's regional manager William Essington to the plaintiff's wife in the summer of 1985. Essington allegedly told the plaintiff's wife that her husband's employment would not last beyond five years. The plaintiff's counsel conjectures that this statement indicates that Essington was contemplating terminating the plaintiff when he reached the age of 70 and would no longer be protected by the then existing ADEA. However, we find that this is a strained interpretation of the defendant's alleged remark, and that the remark is ambiguous even when considered in the light most favorable to the plaintiff. An isolated and ambiguous remark of this nature is not sufficient to create a genuine issue of material fact so as to preclude summary judgment in favor of the defendant. *See Gagne v. Northwestern National Insurance Company,* 881 F.2d 309, 314 (6th Cir.1989) (solitary remark that defendant "needed younger blood" insufficient to defeat a motion for summary judgment). Furthermore, Essington hired the plaintiff when the plaintiff was age 64 and made the plaintiff a regular part-time merchandiser at age 65. In light of these facts, Essington's isolated and ambiguous remark regarding the term of the plaintiff's employment is insufficient to demonstrate that Essington's nondiscriminatory reason for discharging the plaintiff is pretextual.

■ The plaintiff has also failed to demonstrate by indirect evidence that the defendant's asserted nondiscriminatory reason for discharging the plaintiff is unworthy of credence. The defendant asserts that it terminated the plaintiff's employment because of his poor job performance and his belligerence during his five-week probationary period. The plaintiff does not dispute the fact that he made several belligerent statements about Essington and his job during his probationary period. The plaintiff does argue that his employer's dissatisfaction with his job performance is based on trivial and insignificant matters, and that his supervisors failed to properly conduct their evaluations. However, the plaintiff's disagreement with the defendant's assessment of what constitutes satisfactory job performance is not evidence that the plaintiff's discharge for violation of the defendant's standards was a pretext for discrimination where the plaintiff has failed to present evidence that younger employees were subjected to different standards than the plaintiff.

■ We also find that the plaintiff's contention that he was terminated in retaliation for filing a charge with the EEOC to be without merit. The plaintiff bases his claim on the fact that he was discharged approximately four weeks after he filed a complaint with the EEOC. However, two weeks before filing his charge with the EEOC, the plaintiff was placed on probation and given five weeks to improve his job performance or be discharged. In order to state a claim for a retaliatory discharge, the plaintiff must prove the following elements: (1) that he was engaged in a protected activity, (2) that the exercise of the plaintiff's protected civil rights was made known to the defendant, (3) that the defendant thereafter discharged the plaintiff, and (4) that there was a causal connection between the protected activity and the discharge. *See Canitia v. Yellow Freight System, Inc.,* 903 F.2d 1064, 1066 (6th Cir. 1990). The defendant argues that the plaintiff cannot prove a causal link between his filing of a charge with the EEOC and his discharge. We find that the timing of the plaintiff's discharge alone does not establish a causal connection, where the plaintiff was repeatedly warned about his poor performance, placed on a five-week probationary period, and told he would be discharged if his performance did not improve before he filed his charge with the EEOC. *See Cooper v. City of North Olmstead,* 795 F.2d 1265, 1272–73 (6th Cir. 1986). Therefore, we hereby grant the defendant's motion for summary judgment as to Counts III and IV of the plaintiff's second amended complaint.

Finally, since we have granted the defendant's motion for summary judgment as to all of the plaintiff's age discrimination

claims contained in Counts I through IV of the second amended complaint, the plaintiff cannot sustain his claim under Ohio Rev. Code § 4112.99 contained in Count XII.

Accordingly, we hereby grant the defendant's motion for summary judgment as to Counts I through IV and Count XII of the plaintiffs' second amended complaint. Since we have already granted the plaintiffs' motion for leave to amend their second amended complaint to dismiss the remaining counts, the above-captioned action is hereby dismissed.

SO ORDERED.