**William GREEN, Plaintiff,**

v.

**HEIDELBERG U.S.A., a.k.a., Heidelberg Eastern, Inc., Defendant.**

No. 1:93CV2668.

United States District Court, N.D. Ohio.

April 12, 1994.

---

**512**

David R. Kresser and Tillman Y. Coffey of Fisher & Phillips and William J. O'Neill of McDonald, Hopkins, Burke & Haber, for defendant.

William Belkin, for plaintiff.

## MEMORANDUM OPINION AND ORDER

LAMBROS, Chief Judge.

Plaintiff, William Green, on December 15, 1993, filed a complaint against defendants alleging that he was wrongfully discharged from his employment in violation of the Age Discrimination in Employment Act of 1967, as amended. On March 3, 1994, defendants, Heidelberg Eastern, Inc. and Heidelberg USA, Inc. filed a motion to dismiss, or in the alternative, for summary judgment. Thereafter, in accordance with Fed.R.Civ.P. 11, defendants filed a motion for sanctions against plaintiff for the reasonable attorneys' fees and other expenses incurred since February 22, 1994. Plaintiff has not responded to either motion.

On December 31, 1992, plaintiff was terminated from Heidelberg Eastern, Inc. On May 20, 1993, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging that Heidelberg Eastern, Inc. terminated him because of his age. The EEOC, on May 21, 1993, wrote to plaintiff informing him that certain information was needed to pursue an investigation of his claim. On June 4, 1993, the EEOC again, in writing, attempted to set up a phone conference interview, in order to put the charge of discrimination in its proper posture. The EEOC, on June 22, 1993, further details the unresponsiveness of plaintiff, through his attorney, and states that the charge will be dismissed within 30 days if plaintiff has not been interviewed as requested. Thereafter, on September 8, 1993, plaintiff is given a last reprieve of seven days to be interviewed or the charge of discrimination will be dismissed for failure to cooperate. On September 21, 1993, in the EEOC's right to sue letter, plaintiff's charge of discrimination is dismissed for failure to cooperate. Plaintiff, thereafter, filed a complaint in this Court on December 15, 1993.

29 U.S.C. § 626(d) states that

No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. . . .

Upon receiving such a charge, the Commission shall promptly notify all persons named in such charge as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

Defendants assert, in their motion to dismiss, that plaintiff, by failing to cooperate with the EEOC in pursuing its statutory obligation to attempt to conciliate the dispute, has failed to exhaust the administrative remedy prerequisite to initiating a civil action. Defendants argument is well taken.

As a prerequisite to filing a civil action, an age discrimination plaintiff must have filed a charge with the EEOC. *Vinson v. Ford Motor Co.,* 806 F.2d 686, 688 (6th Cir.1986). Further, administrative remedies must be exhausted before filing a civil action. *See*

*Parsons v. Yellow Freight System, Inc.*, 741 F.2d 871, 873 (6th Cir.1984). The requirement of exhausting administrative remedies is to ensure that the EEOC will have been afforded an opportunity to attempt conciliation and voluntary dispute resolution. *Id.* "Conciliation is an important purpose of the requirement that a claimant first file with an administrative agency." *Vinson*, 806 F.2d at 688.

In this instance, plaintiff, in filing a charge of discrimination, and subsequently, never making himself available for interview or conciliation efforts, avoided the prerequisite of exhausting administrative remedies. In *Davis v. Mid–South Milling Co.*, 54 Fair Empl.Prac.Cas. (BNA) 1561, 1990 WL 275945 (W.D.Tenn.1990), the court dismissed a plaintiff's discrimination complaint for plaintiff's failure to cooperate in an administrative investigation. *Id.* at 1562–63; *See also Pack v. Marsh*, 986 F.2d 1155, 1157–58 (7th Cir.1993); *Jordan v. United States*, 522 F.2d 1128, 1132 (8th Cir.1975).

If the plaintiff has not exhausted administrative remedies, this Court lacks jurisdiction over the subject matter of the claims. By not cooperating with the EEOC in pursuing the charge of discrimination, and subsequently getting dismissed for failing to cooperate in the conciliatory obligation of the EEOC, plaintiff has failed to exhaust his administrative remedies, and thus, the motion to dismiss the complaint is granted. This action is hereby dismissed and terminated. Defendant's motion for Rule 11 sanctions is denied.

IT IS SO ORDERED.