**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 15, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

SUE CIROCCO,

     Plaintiff - Appellant,

v.

LINDA MCMAHON, in her official
capacity as Administrator of the United
States Small Business Administration,

     Defendant - Appellee.

No. 18-1096
(D.C. No. 1:17-CV-01588-NYW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

In this employment-discrimination case, Sue Cirocco appeals from a district court

order that dismissed her complaint against the United States Small Business

Administration (SBA) for lack of subject-matter jurisdiction.  Exercising appellate

jurisdiction under 28 U.S.C. § 1291, we affirm the district court's decision that

Ms. Cirocco failed to exhaust her administrative remedies but remand with instructions to

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the district court to vacate its order in its entirety and to dismiss the case without prejudice based on the affirmative defense of failure to exhaust administrative remedies, rather than for lack of subject-matter jurisdiction.

## BACKGROUND

Ms. Cirocco began working for the SBA in 2009 as a Finance Division Manager in the Denver, Colorado office.  In December 2012, she was promoted to Finance Director over two male employees, Rory Berges and James Bates, both of whom subsequently filed complaints with the Equal Employment Opportunity Commission ("EEO complaints").

Roughly eleven months after her promotion, Timothy Gribben became Ms. Cirocco's supervisor.  According to Ms. Cirocco, Gribben excluded her from meetings with Bates and reversed the performance ratings she had set for him.  Gribben also allegedly instructed Ms. Cirocco not to discipline Bates for being verbally abusive with a female coworker, and Gribben unnecessarily reprimanded Ms. Cirocco for retaliating against Berges.  Further, Gribben allowed Bates to obtain training, but he would not approve Ms. Cirocco's request to travel to an educational conference.

For Ms. Cirocco's 2014 annual review, Gribben gave her a "3 [out] of 5" score due to complaints about her conduct.  Aplt. App. at 9.  Ms. Cirocco alleges that the score "was not established in fact," *id.*, and was inconsistent with a prior female supervisor's opinion that she was "doing a fabulous job," *id.* at 10 (internal quotation marks omitted).

In February 2015, Ms. Cirocco filed an EEO complaint.  Therein, she complained she suffered (1) discrimination when Gribben gave her a 3 performance score, and

2

(2) retaliation when Gribben "overturned the 4 rating [she] had given" Bates and instead "increased [his] rating to a 5." *Id.* at 37. The SBA Office of Diversity, Inclusion and Civil Rights accepted for investigation whether her own performance rating was the product of sex discrimination. But it dismissed her challenge to the alteration of Bates' score because she had not "suffered a direct, personal deprivation at the hands of the employer on a basis covered by EEO statues [sic]." *Id.* at 45.

Ms. Cirocco alleged that after filing her EEO complaint, the SBA retaliated against her by conducting "an extensive investigation," moving her office, and reducing her staff "to comply with 'best practices.'" *Id.* at 11. She further claimed that by April 2015, "the stress and anxiety . . . became unmanageable," requiring her to take a leave of absence and seek employment elsewhere. *Id.* at 12.

EEO Investigator Ralph Gay began investigating Ms. Cirocco's case in May 2015. On May 28, he emailed Ms. Cirocco, introducing himself and asking to schedule an interview in the presence of a court reporter. Ms. Cirocco replied that she wished to pursue her EEO complaint, but she could not be interviewed until she had "recovered enough." *Id.* at 50. Over the next several months, Gay repeatedly attempted to schedule an interview with Ms. Cirocco. She declined, however, claiming it would be too intimidating and stressful.[1] Gay ultimately "conclude[d] the investigation without [her] input." *Id.* at 48.

---

[1] Gay had the following communications with Ms. Cirocco in an attempt to interview her. On July 9, 2015, Gay emailed Ms. Cirocco, asking if she was "ready to pursue this matter." *Id.* at 50. Ms. Cirocco offered to schedule a time for the interview the following week. But the next week, on July 13, when Gay suggested available times

After Gay issued a report, Ms. Cirocco requested a hearing in November 2015 before an administrative law judge (ALJ). On February 6, 2017, the parties appeared telephonically before an ALJ, who directed the initiation of discovery, with a completion date of May 12, 2017, on the single issue accepted for review—Ms. Cirocco's 2014 performance score. The SBA's counsel served discovery requests on Ms. Cirocco's counsel. But after Ms. Cirocco's counsel failed to respond or serve any discovery requests, the SBA, on June 16, 2017, moved for a decision.

Instead of responding to the SBA's motion, Ms. Cirocco's counsel filed a complaint in federal district court on June 29, 2017, asserting Title VII sex-discrimination and retaliation claims. Because of the pending federal case, the ALJ dismissed Ms. Cirocco's administrative case.

In federal court, the SBA moved to dismiss Ms. Cirocco's complaint for lack of subject matter jurisdiction and failure to state a claim, arguing that Ms. Cirocco's

---

for the interview, Ms. Cirocco responded that she was uncomfortable "going through the intimidation of having a court reporter present." *Id.* at 49. Gay offered to postpone the interview until she was "cleared by [her] doctor to return to work." *Id.* On August 1, Gay emailed Ms. Cirocco again, asking if there had been any change in her status. She replied, no. On August 2, Gay asked if her doctor would approve a telephonic deposition. She replied that she would ask at her next appointment, on August 11. On August 17, having heard nothing from Ms. Cirocco, Gay emailed her and asked if her doctor had cleared her for an interview. She answered that she "could participate in the investigation if it does not create too much stress." *Id.* at 48. On August 20, Gay proposed conducting the interview on August 24, and he "assure[d] [her] that the interview w[ould] not be confrontational" and would give her the "opportunity to state for the record the discrimination that [she] . . . endured relating to [her] performance rating." *Id.* On August 24, Ms. Cirocco responded, stating, "[I]t is too stressful to be deposed" and "[m]y physician did not clear me for this." *Id.* Gay responded that he would respect her wish not to be interviewed.

4

discrimination and retaliation claims were unexhausted. Specifically, as to Ms. Cirocco's discrimination claim, the SBA asserted that "she failed to participate in [her EEO complaint's] adjudication and [she] ultimately abandoned" it. *Id.* at 17. With respect to her retaliation claim, the SBA maintained that she simply "never pursued any administrative remedies" regarding retaliation. *Id.*

Ms. Cirocco's counsel withdrew. In a two-page, pro se response to the motion to dismiss, Ms. Cirocco discussed the working conditions she considered discriminatory and retaliatory. In regard to exhaustion, she stated that her former counsel advised her to file a case in federal court because the SBA's counsel had not "acted in good faith with him." *Id.* at 57.

The district court granted the SBA's motion to dismiss, concluding that Ms. Cirocco failed to exhaust (1) her discrimination claim by not cooperating in the administrative proceedings; and (2) her retaliation claim by not administratively contesting the SBA's dismissal of her original claim and not filing a new EEO complaint for the separate allegations raised in her federal court complaint. The district court viewed the failure to exhaust as a jurisdictional defect, given this court's then-existing case law. *See Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (stating that "[u]nlike many other circuits, we have held that a plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under Title VII— not merely a condition precedent to suit").

Ms. Cirocco appeals, represented by new counsel.

## DISCUSSION
## I. *Lincoln v. BNSF Railway Co.*

After Ms. Cirocco filed her opening brief, this court overruled the view stated in *Shikles* and other employment-discrimination cases that failure to exhaust is a jurisdictional defect. *See Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018) ("[T]he full court now holds that a plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim."). Because the SBA also asserted exhaustion as a basis for dismissal under Rule 12(b)(6), we "treat [its] argument . . . as having raised an affirmative defense of failure to exhaust," *Payan v. United Parcel Serv.*, 905 F.3d 1162, 1169 (10th Cir. 2018) (brackets and internal quotation marks omitted).[2]

---

[2] The SBA argues that *Lincoln* does not disturb the jurisdictional nature of exhaustion for *federal* employees, like Ms. Cirocco. The SBA notes that *Lincoln* did not involve a federal employee wielding Title VII to pierce the federal government's sovereign immunity. True, but when this court in *Lincoln* declared that it "is no longer correct" to view exhaustion as a jurisdictional prerequisite, this court expressly cited as an example a Title VII case involving a federal employee, *Sampson v. Civiletti*, 632 F.2d 860, 862 (10th Cir. 1980). *See Lincoln*, 900 F.3d at 1185. Moreover, this circuit is not alone in treating exhaustion as an affirmative defense in federal employment cases. *See, e.g.*, *Niskey v. Kelly*, 859 F.3d 1, 7 (D.C. Cir.) (noting that while "federal employees [must] exhaust discrimination claims," "administrative exhaustion requirements are not jurisdictional"), *cert. denied sub nom. Niskey v. Duke*, 138 S. Ct. 427 (2017); *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002) (stating that "[i]n permitting federal employees to sue under Title VII, Congress conditioned the government's waiver of sovereign immunity upon a plaintiff's satisfaction of rigorous administrative exhaustion requirements and time limitations," which "are not jurisdictional prerequisites" (internal quotation marks omitted)). *But see Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999) ("A federal employee must pursue and exhaust her administrative remedies as a jurisdictional prerequisite to filing a Title VII action.").

Although failure to exhaust is now an affirmative defense, it may be raised in a motion to dismiss when the grounds for the defense appear on the face of the complaint. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). But "when a defendant's motion to dismiss raises an affirmative defense that is not apparent on the face of the pleadings and outside matter is presented and accepted, federal courts will generally treat the motion as if it were one for summary judgment." *Weise v. Casper*, 507 F.3d 1260, 1267 (10th Cir. 2007) (internal quotation marks omitted).[3]

Here, the district court considered matters beyond Ms. Cirocco's complaint in determining she had not exhausted her administrative remedies. The district court properly did so at the time under our pre-*Lincoln* case law without converting to summary judgment. *See Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) (observing that a district court generally "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts" without converting a motion to dismiss into a motion for summary judgment (internal quotation marks omitted)).

While conversion to summary judgment would now be necessary given that exhaustion is no longer jurisdictional, *see, e.g.*, *Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 798 (8th Cir. 2011), we need not remand for summary judgment proceedings. Ms. Cirocco was aware of the SBA's exhaustion arguments and supporting evidence,

---

[3] Plaintiffs have no obligation to plead against affirmative defenses. *See Jones*, 549 U.S. at 216.

and, after a telephonic conference with the district court, she submitted argument and evidence in opposition to dismissal. Thus, Ms. Cirocco's response would have been no different had the district court predicted the outcome in *Lincoln* and converted the SBA's motion to dismiss into a motion for summary judgment.

We thus proceed to consider the SBA's exhaustion defense under the standards of summary judgment, affirming the district court's ruling if "there is no genuine dispute as to any material fact and [the SBA] is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). *See Lamb v. Rizzo*, 391 F.3d 1133, 1137 n.3 (10th Cir. 2004) (employing summary-judgment standard where district court had tacitly converted defendant's motion to dismiss into motion for summary judgment and plaintiff had "not only failed to object to the exhibits attached to [the defendant's] motion to dismiss, but . . . also filed his own exhibits in response"); *see also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366, 178 (3d ed. 2004) (observing that "the appellate court is not bound by the particular designation that the district court places upon its disposition of the case," and that "whenever outside matters are presented to and not excluded by the [district] court, the motion will be considered by the appellate court as one for summary judgment even though the district court designates it a motion to dismiss").

## II. Exhaustion
### A. Sex-Discrimination

"The requirement that a Title VII claimant exhaust administrative remedies serves the purpose of giving the agency the information it needs to investigate and resolve the

dispute between the employee and the employer." *Khader v. Aspin*, 1 F.3d 968, 971 (10th Cir. 1993) (brackets and internal quotation marks omitted), *abrogated on other grounds by Lincoln*, 900 F.3d at 1185. Thus, an employee must make a "[g]ood faith effort . . . to cooperate with the agency and the EEOC and to provide all relevant, available information." *Id.* (internal quotation marks omitted).

Ms. Cirocco argues that the district court erred by dismissing her discrimination claim on a failure-to-cooperate theory because the SBA did not invoke its regulatory authority to dismiss her EEO complaint on that basis. *Cf. Doak v. Johnson*, 798 F.3d 1096, 1105 (D.C. Cir. 2015) (stating that where an "agency [i]s able to take final action on the merits of [the employee's administrative] complaint, her suit cannot be barred" for failing to cooperate (brackets and internal quotation marks omitted)). But once Ms. Cirocco requested a hearing before an ALJ, rather than seek a decision from the agency, the SBA could not have dismissed her EEO complaint via its regulatory authority. *See* 29 C.F.R. § 1614.107(a)(7) ("*Prior to a request for a hearing* in a case, the agency shall dismiss an entire complaint . . . [w]here the agency has provided the complainant with a written request to provide relevant information or otherwise proceed with the complaint, and the complainant has failed to respond . . . ." (emphasis added)); 29 C.F.R. § 1614.109(a) ("Upon appointment, the administrative judge shall assume full responsibility for the adjudication of the complaint[.]").

Ms. Cirocco also complains that the SBA sought a decision from the ALJ without raising her lack of cooperation. She has attached to her opening appellate brief a copy of the SBA's June 2017 motion, and she contends that the SBA argued for a dismissal on

9

the merits of her discrimination claim (despite pointing out Ms. Cirocco's refusal to be interviewed and failure to respond to discovery requests). The SBA's motion was not, however, in the record before the district court. We generally do not consider materials not presented to the district court. *United States v. Kennedy*, 225 F.3d 1187, 1191 (10th Cir. 2000). And while we have "discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand," *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007), we decline to do so here because Ms. Cirocco made no effort in the district court to present the argument she now makes on appeal. Instead, we conclude that Ms. Cirocco forfeited her argument by not raising it in the district court, and she has now waived it by not seeking its consideration under the plain-error standard of review. *See, e.g., Havens v. Colo. Dep't of Corr.,* 897 F.3d 1250, 1259 (10th Cir. 2018) (concluding that plaintiff had forfeited a sovereign-immunity argument "by failing to raise [it] before the district court, and he ha[d] effectively waived the argument on appeal by not arguing under the rubric of plain error"); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

Next, Ms. Cirocco argues that a failure to cooperate cannot be based on her filing suit rather than completing the hearing process before the ALJ. She notes that the labor regulations for federal sector employment authorize an employee "to file a civil action in an appropriate United States District Court . . . [a]fter 180 days from the date of filing [her] complaint if an appeal has not been filed and final action has not been taken."

10

29 C.F.R. § 1614.407(b). That 180-day period expired here in August 2015, and Ms. Cirocco maintains she was free to abandon the administrative process at any time thereafter. But the district court did not fault Ms. Cirocco merely for filing a federal court complaint. Rather, the district court concluded that Ms. Cirocco "failed to participate both in Mr. Gay's investigation and the proceedings before the ALJ." Aplt. App. at 98. In any event, Ms. Cirocco did not raise this argument in the district court, and she has not argued in her opening brief for its consideration under the plain-error standard. The argument is, therefore, waived.

We now turn to whether Ms. Cirocco demonstrated cooperation during the administrative proceedings so as to exhaust her administrative remedies. "[W]hen a complainant refuses or fails to provide the agency information sufficient to evaluate the merits of the claim, he or she has not exhausted his or her administrative remedies." *Shikles*, 426 F.3d at 1310 (internal quotation marks omitted), *abrogated on other grounds by Lincoln*, 900 F.3d at 1185. "[W]hen a plaintiff's non-cooperation effectively prevents the EEOC's investigation and conclusion efforts such that the EEOC proceeding essentially becomes a sham or meaningless proceeding[,] . . . a charging party's non-cooperation will amount to a failure to exhaust administrative remedies." *Id.* at 1311.

It is undisputed that Ms. Cirocco declined Gay's multiple requests for an interview. Failing to make oneself available for an interview during the agency's investigatory process is indicative of non-exhaustion. *See id.* at 1312 (citing *Green v. Heidelberg U.S.A.*, 854 F. Supp. 511, 513 (N.D. Ohio 1994), which dismissed an employee's age-discrimination case based on his failure to respond to the EEOC's efforts

11

to interview him regarding his allegations).  In the district court, Ms. Cirocco offered no explanation of her refusals to be interviewed.

As for Ms. Cirocco's actions in the administrative process before the ALJ, it is undisputed that she did not respond to the SBA's discovery requests or submit evidence or argument in opposition to the SBA's motion for a decision.  Similar conduct has been equated with a "fail[ure] to cooperate in the administrative process and abandon[ment] [of the employee's] disability discrimination claim."  *Houser v. Shulkin*, 264 F. Supp. 3d 17, 22 (D.D.C. 2017), *aff'd*, No. 17-5218, 2018 WL 1896527 (D.C. Cir. Apr. 3, 2018) (per curiam).  While Ms. Cirocco attempted to explain her lack of participation in that process by citing her former counsel's accusation of bad faith against SBA attorneys, she also suggested that she may have "received poor counsel or [ ]his statement is not true." Aplt. App. at 57.[4]

Given the limited record before this court and the dearth of preserved exhaustion arguments, we agree with the district court that Ms. Cirocco failed to cooperate in the administrative proceedings and thereby did not exhaust the administrative remedies on her discrimination claim.

---

[4] Ms. Cirocco included with her district court response brief partially completed Rule 11 documents prepared by her former counsel.  Those documents stated that the parties had agreed to a limited stay of discovery to pursue settlement; however, the documents do not account for Ms. Cirocco's lack of participation throughout the entirety of her time before the ALJ.  And she did not offer any clarity regarding the information in these documents when the parties appeared for a telephonic status conference on the motion to dismiss.

## B. Retaliation

Ms. Cirocco's EEO complaint, filed in February 2015, claimed that Gribben's alteration of Bates' performance rating was in retaliation for her compliance with the Federal Managers Financial Integrity Act. That law was enacted "to require ongoing evaluations and reports on the adequacy of the systems of internal accounting and administrative control of each executive agency." Pub. L. No. 97–255, 96 Stat. 814 (1982). The SBA concluded as part of its administrative-processing function that Gribben's alteration was not actionable retaliation. *See Piercy v. Maketa*, 480 F.3d 1192, 1198 (10th Cir. 2007) (noting that a prima facie case of retaliation requires that the employee "engaged in protected opposition to discrimination").

In the district court, Ms. Cirocco's retaliation claim changed direction. She referenced her own 2014 performance rating, her inability to obtain travel approval, and "additional retaliation stemming from her . . . EEO complaint." Aplt. App. at 11.[5] In her response to the SBA's motion to dismiss for lack of exhaustion, she focused on incidents that occurred "[a]fter filing [her] [EEO] complaint." *Id.* at 57.

The district court concluded that Ms. Cirocco failed to exhaust the retaliation claim presented in her EEO complaint because she did not administratively contest its dismissal. As for other instances of retaliation, the district court determined she had not exhausted them in any EEO complaint.

---

[5] Gribben's alteration of Bates' performance rating appeared only among Ms. Cirocco's allegations of discrimination.

13

We pursue a slightly different approach. Specifically, the retaliation claim Ms. Cirocco designated in her EEO complaint was simply not the retaliation claim she pursued in the district court. And she cannot exhaust the latter by asserting that it "reasonably relate[s]" to the former. *Eisenhour v. Weber Cty.*, 744 F.3d 1220, 1227 (10th Cir. 2014); *see also Martinez v. Potter*, 347 F.3d 1208, 1211 (10th Cir. 2003) (stating that "a Title VII plaintiff [must] exhaust administrative remedies for each individual discriminatory or retaliatory act," and she may not "rel[y] upon a continuing violation theory").[6] In short, Ms. Cirocco failed to exhaust her district court retaliation claim.

## CONCLUSION

We **AFFIRM** the district court's decision that Ms. Cirocco failed to exhaust administrative remedies but **REMAND** with instructions to the court to **VACATE** its order in its entirety dismissing for lack of jurisdiction and to dismiss without prejudice based on the SBA's affirmative defense of failure to exhaust. *See Smith v. Cheyenne Ret. Inv'rs. L.P.*, 904 F.3d 1159, 1161, 1166-67 (10th Cir. 2018).

Entered for the Court

Jerome A. Holmes
Circuit Judge

---

[6] Ms. Cirocco argues that the retaliation claim she presented in the district court did not have to be separately exhausted because it was part of "the same retaliatory hostile-work-environment claim" she presented in her EEO complaint. Aplt. Opening Br. at 43. That argument is waived, as she did not present it in the district court and has not pursued plain-error review.

14