Patricia S. PARSONS, Plaintiff-Appellant, Cross-Appellee,

v.

**YELLOW FREIGHT SYSTEM, INC.,** Defendant-Appellee, Cross-Appellant.

Nos. 83–3178, 83–3214.

United States Court of Appeals, Sixth Circuit.

Argued May 3, 1984.

Decided Aug. 28, 1984.

Lemuel R. Green, Donald C. Steiner (argued), Canton, Ohio, for plaintiff-appellant, cross-appellee.

Edward C. Kaminski (argued), Akron, Ohio, for defendant-appellee, cross-appellant.

Before EDWARDS and KENNEDY, Circuit Judges, and JOINER, District Judge.[*]

GEORGE CLIFTON EDWARDS, Jr., Circuit Judge.

This cause of action was filed in the Court of Common Pleas at Summit County, Ohio in a four paragraph complaint which read as follows:

1. Plaintiff, on October 21, 1978, filed a charge of employment discrimination with the Equal Employment Opportunity Commission; and thereafter the plaintiff and the defendant entered into a settlement agreement, a copy of which is attached hereto and made a part hereof.

2. Pursuant to this agreement, the plaintiff was hired by Defendant Yellow Freight Systems, Inc., as a dock worker, but was thereafter, on or about September 15, 1979, discharged from that employment without cause and in violation of the said agreement.

3. As a result of the said breach of contract, the defendant is liable to the plaintiff for $11,610.00, representing the agreed payment of back pay, plus back pay from May 11, 1979, to date, plus all seniority and other applicable rights of any pertinent collective bargaining agreement.

WHEREFORE, the plaintiff demands judgment in the sum of $100,000.00, plus costs, interest and attorney's fees.

Subsequently the case was removed on motion of defendant Yellow Freight System, Inc. to the Federal District Court for the Northern District of Ohio under the diversity jurisdiction of the federal courts. We note, of course, that the instant complaint is an action for enforcement of a contract under the law of Ohio. It is, however, clear and undisputed that the contract is a settlement agreement arrived at through the conciliation powers of the Equal Employment Opportunity Commission and to which the Equal Employment Opportunity Commission was a signatory party.

On motion by Yellow Freight System, Inc. for summary judgment, this case has now been dismissed by District Judge Dowd with appeal taken to this Court.

This is not, however, the first attempt on the part of Parsons to prosecute her claims of sexual discrimination in employment practices on the part of defendant Yellow Freight.

This litigation actually was initiated on October 21, 1978 when Parsons filed a charge with the Equal Employment Opportunity Commission naming Yellow Freight as the sole respondent. The administrative proceedings, however, were terminated when the Commission approved the settlement agreement referred to above under which, in fact, Yellow Freight briefly employed plaintiff Parsons. The employer, alleging unsatisfactory performance during her probationary period, discharged Parsons. The discharge resulted in the first instance in the filing of a complaint under Title VII in the United States District Court for the Northern District of Ohio, which complaint was assigned to then District Judge Robert Krupansky (now a Judge of this Court). As to that complaint, Yellow Freight filed a motion to dismiss and for summary judgment asserting as reason therefor, failure on the part of appellant to exhaust her administrative remedies.

Yellow Freight's motion for summary judgment was granted on the basis of the

[*] Honorable Charles W. Joiner, U.S. District Court for the Eastern District of Michigan, sitting by designation.

following rationale as entered in Judge Krupansky's opinion:

It is, of course, firmly established that a Title VII plaintiff must, as a prerequisite to suit, (1) file a timely charge of employment discrimination with the EEOC, and (2) receive and act upon the Commission's statutory notice of the right to sue. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 1822 [36 L.Ed.2d 668] (1973); *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 1019 [39 L.Ed.2d 147] (1974); 42 U.S.C. § 2000e–5(e) and (f). The requirement that the plaintiff exhaust administrative remedies prior to instituting suit is intended to ensure that the Commission will have been afforded an opportunity to attempt conciliation and voluntary settlement, "the preferred means for resolving employment discrimination disputes." *United States v. Allegheny-Ludlum Industries, Inc.,* 517 F.2d 826, 846 (5th Cir.1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1684 [48 L.Ed.2d 187] (1976). *Accord, Alexander v. Gardner-Denver Co., supra* [415 U.S.] at 44, 94 S.Ct. at 1017; *United States v. City of Miami,* 614 F.2d 1322, 1331–32 (5th Cir.), *reh. en banc granted,* 625 F.2d 1310 (1980). In recognition of the central role afforded the conciliation process under the Act, the applicable authorities have repeatedly rebuffed attempts by Title VII plaintiffs to bypass favored administrative remedies. *See Jerome v. Viviano Food Company, Inc.,* 489 F.2d 965 (6th Cir.1974); *Brogan v. Wiggins School District,* 588 F.2d 409, 411 (10th Cir.1978); *Smith v. American President Lines, Ltd.,* 571 F.2d 102, 106 n. 7 (2d Cir.1978); *Doerr v. B.F. Goodrich Co.,* 484 F.Supp. 320 (N.D.Ohio 1979); *Huduchenko v. Minneapolis Medical & Diagnostic Center,* 467 F.Supp. 103, 106–107 (D.Minn.1979); *Spencer v. Banco Real, S.A.,* 87 F.R.D. 739 (S.D.N.Y.1980); *Grimes v. Pitney Bowes, Inc.,* 480 F.Supp. 1381 (N.D.Ga.1979).

It is apparent from the allegations of the Complaint and the provisions of the parties' Settlement Agreement, which is appended thereto and expressly made a part thereof, Complaint ¶ 10, that the plaintiff has failed to properly invoke the Court's jurisdiction over the within Title VII action. As previously indicated, the plaintiff has not alleged, and is, from all appearances, simply unable to allege: (i) that the claims comprising the instant action have been made the subject of a timely charge with the EEOC, or (ii) that the plaintiff has secured from the Commission the requisite right-to-sue notice. In view of these circumstances, which quite clearly suggest the plaintiff has failed to resort to the administrative remedies which are favored under the Act, dismissal of the instant action is compelled.

In accordance with the foregoing, the apparently unopposed motions of the defendants to dismiss the plaintiff's Complaint pursuant to Rule 12(b)(1), Fed.R. Civ.P., are meritorious and properly granted. The Court's dismissal of this action is without prejudice to the plaintiff's right to refile upon compliance with the established jurisdictional prerequisites to suit.

IT IS SO ORDERED.

We now revert to the instant appeal from dismissal of appellant Parsons' diversity action seeking enforcement of the employment contract previously negotiated by the EEOC with defendant Yellow Freight. Judge Dowd has now dismissed the instant litigation upon the following rationale:

The language and intent of Title VII require the Court to look with disfavor upon the attempts of plaintiffs to bypass the administrative remedies provided by Title VII. See *Jerome v. Viviano Food Co.,* 489 F.2d 965 (6th Cir.1974), *Doerr v. B.F. Goodrich Co.,* 484 F.Supp. 320 (N.D.Ohio 1979). Yet, the Court still recognizes the importance of the concerns raised by Parsons' brief. The Court, nonetheless, finds that these concerns are not necessarily fatal to Yellow Freight's motion for summary judgment. Unlike the situation hypothesized in Parsons' brief, the contract Parsons is seek-

ing to enforce was the result of a prior Title VII proceeding. This case, therefore, presents a situation involving both an alleged discriminatory employment practice and a prior settlement agreement arrived at under the provisions of Title VII. This latter element distinguishes this case from Parsons' hypothetical and removes the dangers asserted in Parsons' brief.

The Court therefore holds that where a private plaintiff seeks to enforce a settlement agreement resulting from a Title VII proceeding involving employment discrimination the plaintiff must follow the administrative proceedings of Title VII before bringing a claim based on common law breach of contract. The Court grants summary judgment for defendant Yellow Freight Systems in this matter.

We now affirm the judgment of the District Court dismissing this cause of action. In one of the first cases interpreting the Equal Employment Opportunity Act, the Supreme Court identified "[t]he jurisdictional prerequisites to a federal action 1) by filing timely charges of employment discrimination with the Commission, and 2) receiving and acting upon the Commission's statutory notice of the right to sue, 42 U.S.C. §§ 2000e–5(a) and 2000e–5(e)." *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973).

A year later the Supreme Court again, in another unanimous opinion said as follows:

Title VII does not speak expressly to the relationship between federal courts and the grievance-arbitration machinery of collective-bargaining agreements. It does, however, vest federal courts with plenary powers to enforce the statutory requirements; and it specifies with precision the jurisdictional prerequisites that an individual must satisfy before he is entitled to institute a lawsuit. In the present case, these prerequisites were met when petitioner (1) filed timely a charge of employment discrimination with the Commission, and (2) received

and acted upon the Commission's statutory notice of the right to sue. 42 U.S.C. §§ 2000e–5(b), (e), and (f). See *McDonnell Douglas Corp. v. Green, supra,* at 798, 93 S.Ct. at 1822.

*Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974).

While we have not found nor have we had cited to us any case which is on all fours with the present case, we do not believe that the exhaustion of administrative remedies requirement has been met in these proceedings. There is no indication that plaintiff ever received or for that matter ever applied for an EEOC right-to-sue letter. Nor is there any indication that she ever sought to invoke EEOC's conciliation of this current dispute. We do not think that the jurisdictional requirements recited above can be evaded by a suit designed to enforce a contract under state law where the contract itself is a product of EEOC action and the EEOC is a signatory to the contract.

The judgment of the District Court is affirmed in toto, including its denial of defendant's request for attorney's fees because of its finding that "plaintiff's action was not frivolous, unreasonable or without foundation."