**Marla G. OBEREMBT, Appellant,**

v.

**BANKERS LIFE COMPANY, Appellee.**

**No. 86–1730.**

Supreme Court of Iowa.

Feb. 17, 1988.

As Corrected March 17, 1988.

Randy V. Hefner of Van Werden, Hulse & Hefner, Adel, for appellant.

James R. Swanger and Wendy Everett Ogden of Rogers, Phillips & Swanger, Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, SNELL and ANDREASEN, JJ.

ANDREASEN, Justice.

This appeal involves a question of subject matter jurisdiction. On August 15, 1986,

the plaintiff, Marla G. Oberembt, filed her petition at law in the district court claiming the defendant Bankers Life Company, had breached an oral settlement agreement. The defendant filed a special appearance stating Oberembt's petition was an employment discrimination claim governed by the Iowa Civil Rights Act, Iowa Code chapter 601A. The defendant asserted that because the plaintiff had not exhausted her administrative remedies the district court lacked subject matter jurisdiction. The district court sustained defendant's special appearance. We reverse the court's order and remand the case for further proceedings.

■ On review of a special appearance we accept as true the allegations in the petition and the contents of uncontroverted affidavits. *Cross v. Lightolier Inc.*, 395 N.W.2d 844, 846 (Iowa 1986).

On June 3, 1983, Bankers Life terminated Oberembt's employment. She then filed a complaint with the Iowa Civil Rights Commission (ICRC) alleging the defendant had terminated her employment because she had multiple sclerosis and was pregnant. On May 13, 1986, the ICRC found no probable cause and issued a final order that dismissed her complaint. The plaintiff did not file a petition for the judicial review of the commission's order.

■ The plaintiff alleged in her petition that after the complaint was filed with the ICRC she entered into an oral compromise agreement with the defendant. This oral agreement provided Bankers Life would reinstate her at a wage comparable to that paid to her prior to her termination. Under the agreement terms, she was to provide medical evidence that she suffered from multiple sclerosis and that she would forego remedies available to her under Iowa Code chapter 601A. She alleged Bankers Life failed to reinstate her after she complied with the terms of the oral agreement. She asked for both compensatory and punitive damages. Neither party claims a conciliation agreement under the provisions of Iowa Code section 601A.15 had been reached.

The defendant, in support of its jurisdictional challenge, cites *Northrup v. Farm-*land Industries, Inc.*, 372 N.W.2d 193 (Iowa 1985). In *Northrup* the plaintiff filed a claim with the ICRC contending his termination was a result of his alcohol disability. Although the commission had issued a right-to-sue letter, the plaintiff's petition in district court was not timely. We found the procedures under the Iowa Civil Rights Act were exclusive and the remedies to which Northrup could be entitled would lie solely under Iowa Code chapter 601A. We held a claimant asserting that his employer committed a discriminatory practice must pursue the remedy provided under the provisions of the Civil Rights Act. The plaintiff's independent common-law action for wrongful discharge could not be recognized.

The plaintiff, in response to the jurisdictional challenge, cites *Jew v. University of Iowa*, 398 N.W.2d 861 (Iowa 1987). In *Jew* the plaintiff brought an action in district court after the ICRC had issued a right-to-sue letter pursuant to Iowa Code section 601A.16. Count One of the petition was an original civil rights action based upon alleged sex discrimination. Count Two alleged a breach by defendants of the plaintiff's contract of employment. The district court sustained defendants' special appearance with respect to both Count One and Count Two. On appeal, we reversed as to Count One. The issue of whether breach of the employment contract was an action independent of the discrimination claim brought before the ICRC was not raised on appeal and therefore was not considered by this court.

The defendant urges that the plaintiff's attempt to characterize her discrimination suit as a breach of contract action should be rejected as an attempt to circumvent the exclusive procedures and remedies provided in Iowa Code chapter 601A. The defendant cites both *Blank v. Donovan*, 780 F.2d 808 (9th Cir.1986) and *Parsons v. Yellow Freight Systems, Inc.*, 741 F.2d 871 (6th Cir.1984), as federal cases where the court dismissed claims based upon settlement agreements resulting from Title VII of the Civil Rights Act of 1964.

In *Parsons* the plaintiff filed a discrimination claim with the Equal Employment Opportunities Commission (EEOC) pursu-

ant to Title VII and then reached a settlement agreement that was later allegedly breached. The suit was dismissed by the federal court because the plaintiff had not exhausted her administrative remedies. The settlement agreement was arrived at through the conciliation powers of EEOC and the EEOC was a signatory party. In *Blank* the court found the action stemmed from a negotiated settlement of an employment discrimination complaint and dismissed the suit on facts similar to those found in *Parsons*.

The plaintiff's petition does not claim damages arising from the defendant's termination of her employment or from employment discrimination. The dispute concerns an alleged settlement agreement made after the filing of a complaint with the ICRC. This dispute is a separate and independent contract claim not subject to the procedures and remedies provided by the Iowa Civil Rights Act.

Bankers Life asserts that Oberembt's selection of an administrative remedy estopped her from seeking damages for breach of the agreement. The selection of remedies by a party does not determine whether the district court has subject matter jurisdiction over the dispute. As this court stated in *In re Marriage of Helm*, 271 N.W.2d 725, 727 (Iowa 1978), subject matter jurisdiction is the power to decide "cases of the general class to which the proceeding belongs. It can be neither conferred on a court nor denied to a court by acts of the parties or the procedures they employ." *Id.* While this court recognizes the doctrine of election of remedies, *see Gourley v. Nielson*, 318 N.W.2d 160, 160–61 (Iowa 1982), it cannot be used as a challenge to subject matter jurisdiction.

The district court erred in ruling that it lacked subject matter jurisdiction. The order sustaining the defendant's special appearance is reversed and this case is remanded to the district court.

REVERSED AND REMANDED.