**Wanda PORTIS, Plaintiff–Appellant,**

v.

**STATE OF OHIO, Defendant–Appellee.**

No. 97–3170.

United States Court of Appeals,
Sixth Circuit.

Argued March 17, 1998.

Decided April 8, 1998.

Rehearing Denied May 12, 1998.

David A. Bressman (argued and briefed), Bressman & Sotak, Westerville, OH, for Plaintiff–Appellant.

Robert L. Griffin (briefed), Assistant Attorney General, John B. Kahle, Office of the Attorney General of Ohio, Employment Law Section, Columbus, OH, for Defendant–Appellee.

Before: BOGGS, NORRIS, and MOORE, Circuit Judges.

## OPINION

BOGGS, Circuit Judge.

Wanda Portis's employment discrimination case, brought under state and federal law, was dismissed on summary judgment by the district court. The district court relied on *Leaman v. Ohio Dep't of Mental Retardation & Development Disabilities*, 825 F.2d 946 (6th Cir.1987) (en banc), *cert. denied*, 487 U.S. 1204, 108 S.Ct. 2844, 101 L.Ed.2d 882 (1988). However, it misapprehended the fact that *Leaman* only bars suits against state officers and employees, not suits against the state itself. Therefore, we reverse in part and remand for further proceedings.

## I

### A

Portis worked for the State of Ohio as a juvenile-corrections officer. She claims that her supervisor, Raymond Bowman, "made advances of a sexual and harassing nature" toward her, which she rejected. Because of this, Portis says, she was verbally abused by co-workers, sometimes in front of youth offenders, and her authority was undermined as a result. Portis's most consequential allegation is that she was "left alone with violent, youth offenders in contradiction of stated policy," and that she was assaulted by a youth offender in September 1994.

Portis's complaints to her superiors were unavailing. In November 1994, she sued Bowman and Ohio under Title VII (42 U.S.C. § 2000e *et seq.*) and Ohio state law (OHIO REV.CODE § 4112.99 and common-law theories), in the Ohio Court of Common Pleas. The defendants removed the case to federal court, and then filed a motion to dismiss. On June 7, 1995, the district court dismissed the state-law claims.

The claims against Ohio were dismissed on Eleventh Amendment grounds. The claims against Bowman were dismissed without prejudice because, under Ohio law, state employees are immune from liability for actions taken in the performance of their jobs, unless the Ohio Court of Claims has determined that they acted outside the scope of their employment, maliciously, wantonly, recklessly, or in bad faith. OHIO REV.CODE §§ 9.86 and 2743.02(F).

Two weeks later, the district court dismissed the federal claims without prejudice, because Portis had not yet exhausted her administrative remedies. Specifically, she had not obtained a right-to-sue letter from the EEOC (as required by 42 U.S.C. § 2000e–5(f)(1)) and had not filed a charge with the Ohio Civil Rights Commission (as required by 42 U.S.C. § 2000e–5(c) and 29 C.F.R. § 1601.74).

With her case dismissed from federal court, Portis then filed a complaint against Bowman and Ohio in the Ohio Court of Claims, asserting only state-law claims. In the complaint, Portis sought (1) a determination that Bowman was not entitled to immunity; and (2) "declaratory, injunctive and equitable relief, compensatory and punitive damages," and costs.

The first part of the complaint was resolved in April 1996, when the Court of Claims determined that Bowman was entitled to immunity. Portis never pursued Bowman further, and he is not involved in the present case.

The second part of Portis's complaint was never resolved, and the court of claims case is still pending against Ohio.

## B

Portis filed the present action in federal district court in May 1996. In her complaint, she proceeded only against Ohio, seeking declaratory, injunctive, and equitable relief, compensatory and punitive damages, and costs, under both state and federal law.

Ohio moved for summary judgment in October, which the district court granted in January 1997. The district court based its decision on our holding in *Leaman*. In that case, we upheld OHIO REV.CODE § 2743.02(A)(1), which dictates that

> Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any state officer or employee....

In *Leaman*, we applied this waiver both to state and federal causes of actions, even when, as in the present case, the court of claims action raised only state-law claims. *Leaman*, 825 F.2d at 951. The district court here applied *Leaman* and determined that Portis had waived her claims.

Portis filed this timely appeal.

## II

■ On appeal, Portis points to the language of *Leaman* and § 2743.02, and argues that they establish waiver only of claims in federal court against "state officer[s] or employee[s]," and not claims against the State itself. We agree.

## A

■ Section 2743.02, in mentioning waiver for suits "against any state officer or employee," provides a quid pro quo for plaintiffs like Portis: "[T]he state consents to be sued in exchange for a plaintiff's waiver of claims against the *state's employees*." *Thomson v. Harmony*, 65 F.3d 1314, 1318 (6th Cir.1995) (emphasis added), *cert. denied*, 517 U.S. 1105, 116 S.Ct. 1321, 134 L.Ed.2d 473 (1996). The statute says absolutely nothing about a waiver of claims against the state. The unambiguous meaning of § 2743.02 makes it clear that the district court erred in this case.

■ Even if § 2743.02 could possibly be read as broadly as the district court did, it would be inappropriate to do so in this case. A plaintiff can sue a state under Title VII in federal court without the state's consent. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). Thus, Ohio was susceptible to suit in federal court anyway; the "quid pro quo" of § 2743.02 does not exist when the trade-off is only that of being able to sue Ohio in state court instead of federal court.

Therefore, Portis's Title VII claims against Ohio should not have been dismissed, and we reverse the district court.

## B

As a corollary, we do not reverse and reinstate Portis's state-law claims. The district court dismissed these state law claims during this case's first trip to federal court, on Eleventh Amendment grounds. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–02, 104 S.Ct. 900, 907–09, 79 L.Ed.2d 67 (1984). Portis did not challenge that ruling, then or now, and it has claim-preclusive effect.

## C

■ Ohio points out that Portis had not yet obtained a right-to-sue letter when she filed this action in federal court, and argues that this provides an alternative basis for dismissing Portis's claims. Portis's complaint says only that the EEOC "has promised to provide" the right-to-sue letter. The right-to-sue letter was obtained a week after the complaint was filed.

We see no reason to bar Portis's claim solely on the grounds of a non-jurisdictional requirement whose brief absence caused Ohio no prejudice in this case. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982) ("[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that ... is subject to waiver, estoppel, and equitable tolling."). As the Fifth Circuit has noted:

A Title VII action filed prior to the receipt of statutory notice of the right to sue does not preclude the EEOC from performing its administrative functions, and it is unlikely that permitting the subsequent receipt of a right-to-sue letter to cure the filing defect will encourage plaintiffs to attempt to bypass the administrative process because premature suits are subject to a motion to dismiss at any time before notice of the right to sue is received.

*Pinkard v. Pullman–Standard,* 678 F.2d 1211, 1218 (5th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983). In this case, then, the proper time for Ohio to raise this argument was between the filing of the lawsuit and Portis's receipt of the letter.

Other circuits have reached equivalent results. *See, e.g., Perkins v. Silverstein,* 939 F.2d 463, 471 (7th Cir.1991); *Williams v. Washington Metro. Area Transit Auth.,* 721 F.2d 1412, 1418 n. 12 (D.C.Cir.1983); *Fouche v. Jekyll Island–State Park Auth.,* 713 F.2d 1518, 1525 (11th Cir.1983); *Clanton v. Orleans Parish School Bd.,* 649 F.2d 1084, 1095 n. 13 (5th Cir.1981); *Henderson v. Eastern Freight Ways, Inc.,* 460 F.2d 258, 260 (4th Cir.1972) (per curiam), *cert. denied,* 410 U.S. 912, 93 S.Ct. 976, 35 L.Ed.2d 275 (1973).

### III

For the foregoing reasons, we AFFIRM the district court's dismissal of Portis's state-law claims, but REVERSE as to her Title VII claims, and REMAND this case for further proceedings.