**Valerie ALARCON, Plaintiff**

v.

**BILL RODGERS BUICK, INC., Defendant**

**No. 3:00CV161.**

United States District Court, E.D. Tennessee, at Knoxville.

July 19, 2000.

Stephen T Hyder, Maryville, TN, for Plaintiff.

Gregory P. Isaacs, Knoxville, TN, for Defendant.

### MEMORANDUM OPINION

JARVIS, District Judge.

This case is a sexual harassment action brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. sec. 2000e, and the Tennessee Human Rights Act, Tenn.Code Ann. sec. 4–21–101, by Valerie Alarcon ("Alarcon"). Federal jurisdiction is asserted pursuant to 28 U.S.C. secs. 1331, 1337, 1343, and 1367(a). Currently pending before the court is defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. For the following reasons, the motion will be denied.

The court must consider the pleadings in the light most favorable to the plaintiff. *American Greetings Corporation v. Cohn,* 839 F.2d 1164, 1168 (6th Cir.1988).

### I.

On March 8, 2000, the plaintiff, Alarcon, filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") for alleged episodes of sexual harassment experienced at her place of employment, Bill Rodgers Buick, Inc. ("Bill Rodgers Buick"). Prior to receiving the EEOC's Notice of Right to Sue ("Notice") pursuant to 42 U.S.C. sec.2000e, Alarcon instituted this action on March 21, 2000 against Bill Rodgers Buick. Bill Rodgers Buick had received notice of Alarcon's claims since June 1999. Further,

defendant was given a copy of an affidavit describing incidents of harassment which Alarcon made in support of another party's sexual harassment action against Bill Rodgers Buick. It is defendant's contention, though, that since Alarcon instituted this action before receiving her requested Notice on March 31, 2000 and did not wait the required 180 days after filing the Charge of Discrimination to allow the EEOC time to investigate the matter, plaintiff's action must be dismissed under section 2000e. The defendant, therefore, has moved to dismiss the case pursuant to Fed.R.Civ.P. 12(b).

## II.

Although a Notice under Title VII should be issued before an aggrieved party may institute an action in federal court, its issuance before commencement of the suit alone is not a ground for dismissal in a Title VII action. *Portis v. Ohio,* 141 F.3d 632 (6th Cir.1998). Where the absence of the Notice prior to litigation is brief and its absence has not caused the defendant to suffer an undue burden, the fact that a suit was instituted before issuance of the Notice is not sufficient to dismiss the case. *Id.* at 634. Because issuance of the Notice after commencement of the suit "does not preclude the EEOC from performing its administrative functions, and it is unlikely that permitting the subsequent receipt of a right-to-sue letter to cure the filing defect will encourage plaintiffs to attempt to by-pass the administrative process," the appropriate time for a defendant to raise such a defense is "between the filing of the lawsuit and [plaintiff's] receipt of the letter." *Id.* at 634–35. Furthermore, an aggrieved party may request the Notice from the EEOC prior to the 180 day period if an assigned official in the EEOC determines it is probable that "the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge." 29 C.F.R. § 1601.28(a)(2). Therefore, the Notice can be properly requested by an aggrieved party and the party is not required to wait until expiration of the 180 day period to commence suit.

In light of these considerations, the court finds that Alarcon has satisfied any conditions precedent to institute her Title VII action. Pursuant to section 1601.28(a)(2), plaintiff properly requested and received the Notice of Right to Sue where the Area Director of the EEOC indicated on the form that the completion of its investigatory processing within the 180 day period would be unfeasible. Thus, the court finds that this case is properly subject to our subject matter jurisdiction and plaintiff has stated a federal claim upon which relief can be granted. Because the defendant failed to timely raise its defense as to the issuance of the Notice between the time the suit was filed and the Notice was received, such assertion will be disregarded by the court. However, even if such a defense was timely raised, the court finds it unlikely that the defendant could prove undue burden since the Notice was issued only ten days after the complaint was filed and defendant had ample notice of the allegations contained in the suit prior to its filing.

## III.

### Conclusion

In light of the foregoing, defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted will be denied.

Order accordingly.