**Deborah CHANDLER; Kem Collins; Mary Cox and Gina Morris, Plaintiffs–Appellants,**

v.

**VULCAN MATERIALS COMPANY, Defendant–Appellee.**

No. 01–5693.

United States Court of Appeals, Sixth Circuit.

Nov. 13, 2003.

Benjamin J. Lookofsky, Mayfield, KY, for Plaintiffs–Appellants.

Stacey A. Thurman, James P. Alexander, Bradley, Arant, Rose & White, Birmingham, AL, R. Brent Vasseur, Boswell, Sims & Vasseur, Paducah, KY, for Defendant–Appellee.

Before: BOGGS, Chief Circuit Judge; and SUHRHEINRICH and CLAY, Circuit Judges.

BOGGS, Chief Judge.

Four women, Deborah Chandler, Kem Collins, Mary Cox, and Gina Morris, appeal the district court's grant of summary judgment for their employer, Vulcan Material Company ("Vulcan"). The plaintiffs had sued Vulcan for sex discrimination in training and promotion and creation of a sexually hostile work environment, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–2(a)(1), breach of a previous settlement agreement, and related state law torts of intentional outrageous conduct and infliction of severe emotional distress. Collins, the only one of the plaintiffs no longer employed with Vulcan, also sued for retaliatory discharge, in violation of Title VII. The district court granted summary judgment on the state claims for failure to allege conduct sufficiently extreme to meet the legal standard of the state law torts. The district court dismissed the Title VII claims on both procedural and substantive grounds. We affirm the judgment of the district court.

**I**

Vulcan operates a large limestone quarry in Grand Rivers, Kentucky, known as Reed Quarry. On this 2500–acre site, Vulcan employs about 277 workers, 219 of whom are hourly workers, most of whom, in turn, have the entry-level position of truck driver. The remaining hourly workers have more skilled positions, such as plant operator or bin puller, and are paid at a somewhat higher rate. As these positions are considered more desirable, are fewer in number, and have a low turnover rate, any opening for a skilled position brings numerous internal applications. But as these positions also require training and Vulcan only trains its own entry-level workers as opportunity permits, Vulcan still often has to hire outside the company. These facts combine to render internal training a highly desired prerequisite for promotion among Vulcan's unskilled workers.

All four plaintiffs were entry-level employees at Vulcan: Chandler and Cox had worked since 1992, Collins since 1996, and Morris since 1997. On October 22, 1997, a different Vulcan employee, Teri Johnson, filed suit against Vulcan alleging sex discrimination in assignment of training opportunities. During the pendency of that suit, Chandler and Collins filed related complaints with the EEOC. That lawsuit was eventually settled based on complainants' receipt of cash, their withdrawal of the EEOC complaints, and Vulcan's com-

mitment to offering complainants supplementary training. Both Chandler and Collins received training under this commitment.

On October 1, 1999, plaintiffs filed this action in the United States District Court for the Western District of Kentucky. During January 2000, more than three months later, the plaintiffs filed EEOC complaints. On February 15, the plaintiffs filed an initial disclosure under Fed. R.Civ.P. 26(a)(1)(B) stating that each of the plaintiffs had received a right-to-sue letter. On May 12, seven months after the filing of the suit and three months after the plaintiffs' claimed possession of the letters, the EEOC in fact issued the letters, but the plaintiffs did not submit them for the record. On December 15, Vulcan moved for summary judgment on the grounds, inter alia, that the plaintiffs had failed to obtain an EEOC right-to-sue letter before initiating their action. On March 5, 2001, the district court granted summary judgment to Vulcan on the sex discrimination charges on the grounds that "there is nothing in the record to indicate that Plaintiffs have received a 'right to sue' letter from the EEOC," on Collins' retaliation charge for failure to make a prima facie case, and on the state law charges for failing to allege facts sufficient to sustain them. On March 14, the plaintiffs moved to alter or amend the judgment, under Fed.R.Civ.P. 59, for the first time presenting the ten-month-old right-to-sue letters, but the district court denied reconsideration. Before this court now is the plaintiffs' timely appeal of the summary judgment against them.

## II

Before turning to the underlying merits of this appeal, we must first make note of counsel's dishonesty towards the district court. On February 15, 2000, counsel submitted a disclosure as required by Fed. R.Civ.P. 26(a) and the district court filed that the disclosure in the record. Parties must initially disclose, without awaiting a discovery request, "a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses." Fed.R.Civ.P. 26(a)(1)(C). Among the documents that plaintiffs listed are items 27 through 30, right-to-sue letters for each of the plaintiffs. However, the EEOC only issued these right-to-sue letters on May 12, almost three months later. The stated disclosure by plaintiffs' counsel that the letters were in his "possession, custody or control" on February 15 was false.

Counsel who lie to the district court are subject to sanctions.

> By representing to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney ... is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances ... the allegations or other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed.R.Civ.P. 11(b)(3).

> If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

Fed.R.Civ.P. 11(c).

However, this court does not have the authority to impose such sanctions, be-

cause Rule 11 does not apply to papers filed here. *See Webster v. Sowders*, 846 F.2d 1032, 1040 (6th Cir.1988). Also, counsel did not explicitly perpetuate this dishonesty in the appellate proceedings. Rather, at oral argument, counsel confessed its error, but did not offer any regrets, excuses, or explanation. Therefore, counsel's lack of integrity will have to go without sanction here.

### III

■ The district court dismissed the sex discrimination claims on the basis that without EEOC right-to-sue letters in the record, it was without jurisdiction to entertain them. In response, plaintiffs submitted the right-to-sue letters, which in fact had been their possession for ten months, and moved to reconsider the grant of summary judgment. However, the court declined to do so because the right-to-sue letters had been in the plaintiff's possession at the time of summary judgment and hence were not newly discovered evidence.

We considered a nearly identical factual situation in *Parry v. Mohawk Motors of Michigan*, 236 F.3d 299 (6th Cir.2000):

> [A]lthough Plaintiff did not apprise the district court of his right-to-sue letter until his motion for reconsideration, Plaintiff had in fact received the right-to-sue letter prior to the district court's order granting summary judgment.... [T]here is no jurisdictional defect and no evidence that Defendants suffered any prejudice from Plaintiff's failure to initially satisfy this condition precedent, a defect he later cured. We therefore think it would be unduly harsh, under these circumstances, to deny Plaintiff his day in court as to his ADA claim; accordingly, we conclude that the district court improperly dismissed Plaintiff's claim on that basis.

*Id.* at 310 (6th Cir.2000) (citing *Portis v. Ohio*, 141 F.3d 632 (6th Cir.1998)) (footnotes and internal citations omitted). Here, as in *Parry*, the plaintiffs only filed EEOC charges after filing suit. Here, as in *Parry*, the plaintiffs had in their possession the right-to-sue letters at the time the defendant moved for summary judgment for lack of the letters, but failed to introduce them into the record. Here, as in *Parry*, the plaintiffs then introduced the letters and timely moved for reconsideration of the summary judgment. Here, as in *Parry*, the defendant was not prejudiced by the plaintiffs' lack of diligence, as demonstrated at oral argument by the inability of defendant's counsel to articulate any such prejudice. Therefore the district court here, as in *Parry*, erred in denying the motion for reconsideration when it was provided with the letters.

Having found the district court's grounds for dismissal to be in error, we could merely vacate the dismissal and remand. "However, it is well settled that this court may affirm a district court's decision on any grounds supported by the record." *Peterson Novelties v. City of Berkley*, 305 F.3d 386, 394 (6th Cir.2002) (citing *Russ' Kwik Car Wash. v. Marathon Petroleum Co.*, 772 F.2d 214. 216 (6th Cir. 1985)). With this in mind, we affirm the district court's judgment on other grounds.

■ Plaintiff's appellate brief, even if we give it the level of liberal construction usually reserved for pro se pleadings, *see Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir.1999), contains only a single claim: that Vulcan discriminated against plaintiffs in the award of promotions and training opportunities on the basis of their gender.

> To make out a prima facie failure to promote case the plaintiff must show that she belongs to a protected group, that she was qualified for and applied for a promotion, that she was considered

for and denied the promotion, and that other employees of similar qualifications who were not members of the protected group were indeed promoted at the time the plaintiff's request for promotion was denied.

*Laderach v. U–Haul of Northwestern Ohio*, 207 F.3d 825 (6th Cir.2000) (quoting *Brown v. Tennessee*, 693 F.2d 600, 603 (6th Cir.1982)).

While plaintiff's brief is replete with vague generalities, conclusory allegations, and dubious statistics, it identifies only a single specific instance in which any of the plaintiffs was denied a promotion or training opportunity, and even that only glancingly in a quotation from Chandler's deposition: Chandler's bid for promotion to equipment operator–2, a position that went to a male co-worker instead. Assuming *arguendo* that Chandler was qualified for this promotion, she still fails to make her prima facie case, because, as Chandler herself admitted, the male co-worker was better qualified in terms of seniority and experience. Hence, the male co-worker did not have similar qualifications. Therefore plaintiffs failed to identify a single instance of conduct by Vulcan that could give rise even to a prima facie case of gender discrimination.

█ The district court also dismissed the plaintiffs' breach of contract, retaliatory discharge, sexually hostile work environment, and state law tort claims. Apart from stating without argument that summary judgment should not have been granted, plaintiffs' counsel provided no reason, either in the briefs or at oral argument, why the district court erred. These issues are hence waived. *See Buziashvili v. Inman*, 106 F.3d 709, 718–19 (6th Cir. 1997); *Priddy v. Edelman*, 883 F.2d 438, 446 (6th Cir.1989). We therefore affirm the district court's dismissal of these claims.

## IV

For the foregoing reasons, we **AFFIRM** the judgment of the district court.

CLAY, Circuit Judge, dissenting.

I respectfully dissent from the majority opinion because the district court should be afforded the initial opportunity to determine whether summary judgment is appropriate on the merits of Plaintiffs' Title VII claims and Plaintiff Chandler's and Plaintiff Collins' breach of contract claims.

### *Plaintiffs' Title VII Claims*

Plaintiffs Deborah Chandler, Kem Collins, Mary Cox and Gina Morris filed their complaint in federal district court on October 1, 1999. The complaint alleged five counts containing the following claims for all Plaintiffs, unless otherwise specified: (1) failure to train and promote because of sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.;* (2) a breach of contract claim by Plaintiffs Chandler and Collins based on their respective settlement agreements with Vulcan in which Vulcan had promised to afford them certain training opportunities; (3) sexual harassment in violation of Title VII; (4) intentional tort of outrageous conduct; and (5) for Plaintiff Collins, retaliatory termination in violation of Title VII and/or due to her union activity.

The district court dismissed Plaintiffs' Title VII claims for failure to train, failure to promote and sexual harassment on the jurisdictional ground that Plaintiffs had filed their federal court complaint prior to receiving "right to sue" letters from the EEOC. The district court never addressed whether dismissal of these Title VII claims was appropriate on the independent ground that these claims lacked merit.

As correctly noted in the majority opinion, the district court's dismissal of the

Title VII claims on the "jurisdictional" ground was erroneous pursuant to our decision in *Parry v. Mohawk Motors of Michigan,* 236 F.3d 299 (6th Cir.2000). The majority, however, proceeds to dispose of Plaintiffs' Title VII claims on the ground that there is no genuine issue of material fact that Plaintiffs suffered sex discrimination in promotions and training. Although it is technically proper for this Court to affirm the district court's decision based on any grounds supported by the record, I respectfully submit that the record in this case is by no means clear. The prudent approach would be to reverse the grant of summary judgment on the Title VII claims and afford the district court the initial opportunity to determine the propriety of summary judgment on the merits of these claims.

### *Plaintiff Chandler's and Plaintiff Collins' Breach of Contract Claims*

The district court also dismissed Plaintiff Chandler's and Plaintiff Collins' breach of contract claims on a "jurisdictional" ground. The crux of the contract claims was that Chandler's and Collins' respective settlement agreements obligated Vulcan to provide them with "full and complete training" for particular "hourly-rated" positions. The district court never reached the merits of these claims, instead concluding that Chandler and Collins were required to have filed charges of discrimination with the EEOC before seeking to enforce the settlement agreements.

The district court based its decision primarily on *Parsons v. Yellow Freight Sys., Inc.,* 741 F.2d 871 (6th Cir.1984). *Parsons* addressed the effect of a settlement agreement *to which the EEOC is a signatory* on a plaintiff's ability to file suit for a breach of that agreement. The *Parsons* Court held that exhaustion of administrative remedies was required—i.e., the plaintiff needed to first file an EEOC charge—

because "the contract itself [was] a product of EEOC action and the EEOC [was] a signatory to the contract." *Id.* at 874. Here, the EEOC was not a signatory to Chandler's and Collins' settlement agreements, nor was the EEOC even involved in negotiating them. Thus, *Parsons* is not on point.

Congress created the EEOC "to settle disputes through conference, conciliation, and persuasion before the aggrieved party was permitted to file a lawsuit." *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 44, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). As this Court has explained:

> The purpose of filing a charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC. An EEOC charge notifies potential defendants of the nature of a plaintiff's claims and provides the opportunity for the parties to settle claims before the EEOC instead of litigate them.

*Cleveland Branch, N.A.A.C.P. v. City of Parma,* 263 F.3d 513, 534 (6th Cir.2001) (citing *Davis v. Sodexho, Cumberland Coll. Cafeteria,* 157 F.3d 460, 463 (6th Cir. 1998)). This purpose would not be furthered by requiring Chandler and Collins to file EEOC charges alleging breaches of their settlement agreements. The goal of voluntary compliance was met when their initial claims about discrimination in training were resolved by conciliation. Chandler and Collins merely seek compliance with their agreements. The foundation of their claims lies in contract, not Title VII, and therefore exhaustion should be unnecessary. *See Cisneros v. ABC Rail Corp.,* 217 F.3d 1299, 1305 (7th Cir.2000) (holding that plaintiff was not required to file an EEOC charge before suing to enforce a settlement agreement to which the EEOC was not a party; the civil action was "not based on an alleged discriminatory act" but rather "on the alleged breach of those

contracts"). As with Plaintiffs' Title VII claims, I would reverse the grant of summary judgment on the breach of contract claims and afford the district court the opportunity to consider whether summary judgment on the merits is appropriate.

### *Plaintiffs' Outrage Claims and Plaintiff Collins' Retaliatory Discharge Claim*

Plaintiffs have proffered no substantive argument on appeal regarding the district court's dismissal of their state law tort claim for outrage, nor has Plaintiff Collins proffered any argument regarding the dismissal of her retaliatory discharge claim. Since the district court addressed the merits of these claims before granting summary judgment, it is appropriate for the Court to affirm summary judgment for Vulcan on these claims. *See United States v. Elder,* 90 F.3d 1110, 1118 (6th Cir.1996) ("[I]t is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (quotation marks and citation omitted).

### *Inadequacies of Plaintiffs' Counsel*

Last, I take issue with Part II of the majority's opinion, which constitutes nothing more than inappropriate dictum concerning Plaintiffs' counsel's alleged lack of integrity. I concur that counsel's statement in his mandatory Rule 26 initial disclosures statement about having Plaintiffs' right to sue letters in his possession, custody or control was false. Whether the falsity of that representation stemmed from a deliberate attempt to deceive, incompetent case management or a good faith belief that he had the right to sue letters in hand cannot be derived from the record before us. Accordingly, this Court is in no position factually or jurisdictionally (under Federal Rule of Civil Procedure 11) to impugn the integrity and honesty of Plaintiffs' counsel.

For the aforementioned reasons, I dissent. I would REVERSE the grant of summary judgment on Plaintiffs' Title VII claims and Plaintiff Chandler's and Plaintiff Collins' breach of contract claims and remand for further consideration by the district court as to whether summary judgment is appropriate on the merits.