780 F.2d 808
 39 Fair Empl.Prac.Cas. 1425,
39 Empl. Prac. Dec. P 35,864
Dale L. BLANK, Plaintiff-Appellant,
v.
Raymond DONOVAN, Secretary of Labor, Robert Rowland,
Assistant Secretary of Labor--OSHA; John B.
Miles, Jr., Director Directorate of
Field Operations; Defendants-Appellees.
 No. 85-1709.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 13, 1985.
Decided Jan. 14, 1986.
As Amended Feb. 13, 1986.
 
 Dale L. Blank, San Francisco, Cal., for plaintiff-appellant.
 Sandra L. Willis, Asst. U.S. Atty., San Francisco, Cal., for defendants-appellees.
 Appeal from the United States Court of Appeals for the Northern District of California.
 Before WALLACE, ANDERSON, and PREGERSON, Circuit Judges.
 J. BLAINE ANDERSON, Circuit Judge:
 
 
 1
 Dale Blank, a federal employee, filed a diversity action against three federal officers alleging violations of contractual obligations. The district court found the action to be a discrimination action subject to Title VII, Civil Rights Act 1969, as amended by 42 U.S.C. Sec. 2000e-16. The district court then dismissed for failure to exhaust administrative remedies as required by Title VII. We affirm the district court's decision.
 
 I. BACKGROUND
 
 2
 The United States Department of Labor (Department) employed Blank in various positions, including a discrimination programs officer and a trial attorney, from 1968 until the present. In 1980, Blank filed an initial retaliatory discrimination charge against the Department under Title VII, Sec. 2000e-16. By 1981, the Office of Equal Employment Opportunity (OEEO) mediated a settlement agreement (Agreement) between Blank and the Department. The terms insured Blank equal treatment with other Department employees. No further action was taken by the parties until 1984.
 
 
 3
 At that time, Blank states that the Department passed over him for promotion, thereby violating the Agreement. Instead of initiating Title VII procedures, Blank chose to file a breach of contract action against the Department. The district court, however, held Blank's action to be a discrimination suit pursuant to Title VII. Because Blank failed to exhaust his administrative remedies, the district court lacked jurisdiction. The district court dismissed the action and Blank appeals to this court.
 
 II. DISCUSSION
 
 4
 Blank initially argues that the action is not based upon any allegation of discrimination. Instead, Blank characterizes the action as a breach of contract to which the Title VII requirements should not apply. The factual findings of jurisdiction issues must be accepted unless clearly erroneous, although the ultimate legal conclusion is reviewed de novo. See Bruce v. United States, 759 F.2d 755, 758 (9th Cir.1985). The district court specifically characterized the action as a discrimination suit to be initiated pursuant to Title VII, thereby rejecting Blank's characterization of this action as a breach of contract. The district court's characterization of this action is a legal conclusion; therefore we review the record de novo. Based upon such a de novo review, we find that the district court's conclusion that the action was a discrimination suit was correct.
 
 
 5
 We turn to the issue of circumventing Title VII. The purpose of Title VII is to provide an opportunity to reach a voluntary settlement of an employment discrimination dispute. Alexander v. Gardner-Denver Company, 415 U.S. 36, 44, 94 S.Ct. 1011, 1017, 39 L.Ed.2d 147, 156 (1974). The Equal Employment Opportunity Commission designed administrative procedures with which an aggrieved party must comply. These procedures act as jurisdictional prerequisites to further the goal of voluntary settlement. Id. Attempts to circumvent the requirements have found disfavor with other circuits. Parsons v. Yellow Freight System, Inc., 741 F.2d 871, 873 (6th Cir.1984) (citing Jerome v. Viviano Food Company, Inc., 489 F.2d 965 (6th Cir.1974); Brogan v. Wiggins School District, 588 F.2d 409, 411 (10th Cir.1978); Smith v. American President Lines, Ltd., 571 F.2d 102, 106 n. 7 (2d Cir.1978)).
 
 
 6
 This court has not had the opportunity to rule on this rather unique issue. However, the recent Sixth Circuit opinion in Parsons deals with the issue on similar facts. The Sixth Circuit held that an employment contract negotiated as a result of an Equal Employment Opportunity complaint could not be enforced for breach of contract until Title VII administrative requirements were exhausted. "We do not think that the jurisdictional requirements ... can be evaded by a suit designed to enforce a contract under state law where the contract itself is a product of [Equal Employment Opportunity Commission] action...." Parsons, 741 F.2d at 874.
 
 
 7
 The facts here ultimately point to the same conclusion. Blank's agreement stemmed from a negotiated settlement of an employment discrimination complaint. An Equal Employment Opportunity complaint has not been filed with respect to the present dispute. Title VII procedures have not been initiated, much less exhausted. Based upon the Parsons analysis, we agree that Title VII requirements may not be bypassed by proceeding directly to the district court on a breach of contract theory.
 
 
 8
 Blank's additional arguments do not merit discussion.
 
 The decision of the district court is
 
 9
 AFFIRMED.