**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 7 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RENA LOGAN,

        Plaintiff - Appellant,

v.

ANTHONY J. PRINCIPI, Secretary
of Veterans Affairs,

        Defendant - Appellee.

No. 02-7034
D.C. No. 01-CV-505-P
(E.D. Oklahoma)

**ORDER AND JUDGMENT**   *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

  *    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff seeks review of the district court's dismissal of her complaint alleging breach of a settlement agreement reached between her and her employer, the Department of Veterans Affairs, on behalf of the Veterans Administration Medical Center (VAMC), in Muskogee, Oklahoma. The district court dismissed the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). We review the dismissal de novo, *see Hart v. Dep't of Labor ex rel. United States*, 116 F.3d 1338, 1339 (10th Cir. 1997), and we affirm.

Plaintiff is employed with the VAMC in its Nutrition and Food Service. In 1998, she applied for an advertised position, which was subsequently filled by a male. She filed a formal complaint in January of 1999 and in March entered into a settlement agreement by which VAMC agreed to provide training, help her prepare for promotional opportunities, and to treat her fairly when she applied for promotions.

In May of 1999, plaintiff wrote to the EEOC, alleging a breach of the settlement agreement. On October 13, 2000, plaintiff was notified by the Department of Veterans Affairs of its determination that the settlement agreement had, in fact, been breached. In addition, the VAMC was instructed to implement a new Individual Development Plan (IDP) to include supervisory, computer, and increased office skills as specified in the settlement agreement. The new IDP was to be implemented within forty-five days of its decision. Plaintiff was also

advised that this was a final agency decision and of her right to appeal the decision to the EEOC within thirty days of her receipt of the letter.

The new IDP plan was sent to plaintiff on October 30, 2000. It included a proposed training schedule of forty to fifty hours, commencing November 4 and finishing by December 30, 2000. On December 4, plaintiff's attorney notified the chief of the Nutrition and Food Service that plaintiff had received only a quarter of the proposed training and that plaintiff continued to be harassed, primarily by her co-workers. Plaintiff's training was completed on January 14, 2001.

In May of 2001, counsel sent a second letter complaining of plaintiff's continued harassment to the VA's acting Deputy Assistant Secretary of Resolution Management. In response, on June 6, the VA advised plaintiff that because training had been provided, the settlement agreement had been implemented. Counsel was further advised of the procedures for pursuing subsequent harassment claims and acts of discrimination that violate a settlement agreement under 29 C.F.R. § 1614, et seq. On August 2, 2001, plaintiff was sent a letter from an EEO counselor closing a matter of informal counseling and advising plaintiff of her right to file a formal discrimination complaint with the VA's Office of Resolution Management. This action was filed in federal court on August 31.

Plaintiff first argues that because defendant included additional material with its motion to dismiss, the matter should have been treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. We disagree. When a party's Rule 12(b)(1) motion challenges the facts on which subject matter jurisdiction depends, a district court has wide discretion to allow affidavits and other documents to resolve disputed jurisdictional facts, and reliance on this evidence in addressing the motion does not generally convert the motion to one for summary judgement. *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002). The exception to this rule occurs when "the jurisdictional question is intertwined with the merits of the case." *Id. (*quotation omitted). The focus of this inquiry is "whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." *Pringle v. United States*, 208 F.3d 1220, 1223 (10th Cir. 2000) (citation omitted).

Here, plaintiff's primary complaint is based on an alleged breach of the settlement agreement. This breach was ultimately recognized by the VA and a remedial course of action proposed. Plaintiff was informed of her option to appeal administratively if that proposed resolution was unsatisfactory. She did not do so, and the VAMC proceeded with its training obligation. In her response to defendant's motion to dismiss the complaint, plaintiff accepted defendant's statement that training was completed in January of 2001, approximately two

weeks beyond the proposed resolution schedule. Thus, her federal complaint would appear to be predicated on this brief delay in accomplishing the resolution. To the extent (which is not clear from the complaint) she might be attempting to resurrect the original discrimination charge, she abandoned that course of action by not further pursuing any appeal from the October 13, 2000 determination that the VA had breached the original settlement agreement. In addition, as part of the settlement agreement, she waived her rights to file a lawsuit based on the original discrimination complaint.

Exhaustion of administrative remedies is a jurisdictional prerequisite to filing an action under Title VII. *Sizova*, 282 F.3d at 1325. This is not a question of failing to timely file an administrative charge, but rather "the failure to file an administrative charge at all." *Id.* Federal regulations provide that a settlement agreement is binding on the parties and that if a complainant believes a breach of the agreement has occurred, the complainant must notify the EEO Director, in writing, of the alleged noncompliance with the agreement. 29 C.F.R. § 1614.504. It appears plaintiff followed this course of action in 1999 by challenging the VA's failure to abide by the terms of the original settlement agreement. Once the agency admitted fault and proposed a new course of action, however, plaintiff was offered two choices: appeal that decision and seek reinstatement of the original discrimination complaint or accept the terms of the new agreement as governing

the parties' continuing obligations. Plaintiff chose the latter. Thus, it is the terms of the new agreement with which we are concerned.

Any alleged breach of the new agreement is necessarily subject to the requirements of § 1614.504, which describes the procedure for challenging an agency's failure to comply with a settlement agreement. It is this exhaustion requirement that plaintiff failed to employ. Instead, plaintiff contends that she "regarded" the VA's June 6 letter as a "final agency decision pursuant to 42 U.S.C. § 2000e-16(c)," triggering her right to file a complaint in federal court within ninety days of the receipt of that letter. Aplt. Br. at 6; *see also* 29 C.F.R. § 1614.110(b) (describing final agency actions); *id.* at 1614.407 (describing situation under which aggrieved individual may file suit). There is nothing in that letter, however, which even approaches compliance with the requirements of a final agency decision under § 1614.110(b).

Moreover, by its very terms, the letter specifically advised counsel how to proceed with new discrimination/breach of agreement claims. It further appears that plaintiff initially started to do so by contacting the appropriate EEO office with an informal complaint. Once that matter was closed, plaintiff had the option of filing a formal complaint, a procedure she chose not to pursue. This case is therefore unlike *Cisneros v. ABC Rail Corp.,* 217 F.3d 1299, 1305 (10th Cir. 2000), a private-sector Title VII case in which we held that Title VII's exhaustion

requirements are not applicable to suits seeking to enforce settlement agreements which allege purely contractual claims, or *Hinderman v. Peters*, No. 00-6380, 2001 WL 985556 (10th Cir. Aug. 17, 2001), a federal employee case in which the plaintiff relied in part on a final agency decision that the settlement agreement had not been breached as the basis for filing her complaint in federal court.

To summarize, plaintiff's first count, for discrimination under 42 U.S.C. § 2000e-16, was properly subject to dismissal as barred by the original settlement agreement insofar as it attempted to renew her original discrimination claim without appealing from the VA's October 13, 2000 determination as to the breach of settlement agreement. If she was attempting to raise new claims of discrimination, she has failed to properly exhaust administrative remedies. Her second count, for breach of contract, is also barred for failure to exhaust remedies as provided by 29 C.F.R. § 1614.504. Finally, her third count, for negligent and/or intentional infliction of emotional distress (which plaintiff contends is simply a part of her Title VII claim) is likewise governed by the bar applicable to the first count.

The judgment of the United States District Court for the Eastern District of Oklahoma dismissing plaintiff's complaint for lack of jurisdiction is AFFIRMED.

Entered for the Court


Michael R. Murphy
Circuit Judge