Janice ABNER, Plaintiff—Appellant,

v.

LAW OFFICES OF DECLUES AND BURKETT, Law Offices of Jones & Matson; et al., Defendants—Appellees.

No. 04–57169.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 14, 2005.

Janice Abner, Inglewood, CA, pro se.

J. Michael DeClues, Esq., Declues & Burkett, LLP, Huntington Beach, CA, for Defendants—Appellees.

Before GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Janice Abner appeals pro se the district court's order dismissing her unemployment discrimination action and its order awarding attorney's fees. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for

failure to state a claim and may affirm the dismissal on any ground supported by the record. *Ove v. Gwinn*, 264 F.3d 817, 821 (9th Cir.2001). We review for abuse of discretion an award of attorney's fees. *Shaw v. City of Sacramento*, 250 F.3d 1289, 1293–94 (9th Cir.2001). We affirm in part and reverse in part.

The district court properly dismissed Abner's Title VII claims alleging that she was discriminated against on the basis of race between 2000 and 2003 because she did not exhaust them with the Equal Employment Opportunity Commission ("EEOC") before filing her action in federal court, *see Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), and her claims are not sufficiently "like or reasonably related" to the allegations contained in the EEOC complaint she filed in 1999, *see Anderson v. Reno*, 190 F.3d 930, 938 (9th Cir.1999), *overruled on other grounds by Morgan*, 536 U.S. at 122, 122 S.Ct. 2061.

The doctrine of continuing violation does not waive the exhaustion requirement in Abner's case because it only applies to discriminatory acts occurring before an EEOC complaint is filed. *See Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002).

The district court also properly dismissed Abner's claim that the defendants breached her 1990 EEOC settlement agreement because she did not first exhaust this claim with the EEOC. *See Blank v. Donovan*, 780 F.2d 808, 809 (9th Cir.1986).

The district court did not abuse its discretion in denying Abner's motion for leave to file a third amended complaint regarding her unexhausted discrimination

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

claims because amendment would have been futile. *See Flowers v. First Hawaiian Bank,* 295 F.3d 966, 976 (9th Cir.2002).

In light of our recent decision in *E.E.O.C. v. United Parcel Service, Inc.,* 424 F.3d 1060, 1078 (9th Cir.2005), we reverse the district court's award of attorney's fees to the Compton Unified School District because Abner's Title VII claims were dismissed for lack of subject matter jurisdiction and, consequently, the school district cannot qualify as a "prevailing party."

Abner's motion to submit new excerpts and motion to file an addendum to the excerpts of record are granted.

All remaining motions are denied as moot.

All remaining contentions are unpersuasive.

**AFFIRMED in part; REVERSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.