In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-162 CV


____________________



PORT ARTHUR INDEPENDENT SCHOOL DISTRICT, Appellant



V.



PAULA MATHEWS, Appellee






On Appeal from the 60th District Court


Jefferson County, Texas


Trial Cause No. B-176,271 






OPINION



 In this appeal from the denial of a plea to the jurisdiction, Port Arthur Independent
School District ("PAISD") contends Paula Mathews failed to exhaust her administrative
remedies before filing suit for breach of an Equal Employment Opportunity Commission
("EEOC") settlement agreement and for retaliation under the Texas Commission on Human
Rights Act. See 42 U.S.C. § 2000e et seq.; Tex. Lab. Code Ann. § 21.001 et seq. (Vernon
2006). (1) Mathews contends she did not have to exhaust her administrative remedies before
filing suit because her claims grew out of an earlier charge of discrimination. The parties
voluntarily mediated Mathews's earlier age and race discrimination claims and executed a
settlement agreement before any EEOC determination was made. There was no pending
claim of discrimination before the trial court when the retaliation claim arose, and Mathews
did not file an administrative charge of retaliation or complain to the administrative agency
regarding the alleged breach. We hold the trial court erred when it denied the school
district's plea to the jurisdiction. Accordingly, we reverse the trial court's order and dismiss
the cause.

 Mathews filed a Title VII age and race discrimination complaint with the EEOC in
October 2004. In March 2005, the parties executed a mediation conciliation agreement in
which PAISD agreed to pay Mathews $35,500. The agreement constituted a request for
closure of the charge. PAISD also agreed "that there shall be no discrimination or retaliation 
of any kind against Paula as a result of filing this charge. . . ." The parties agreed that "the
EEOC is authorized to investigate compliance with this agreement" and that the agreement
could be "specifically enforced in court by the EEOC or the parties and may be used as
evidence in a subsequent proceeding in which a breach of this agreement is alleged." PAISD
agreed to provide Mathews a letter of recommendation. Although PAISD did not agree to
rehire Mathews, the agreement stated that "Paula is encouraged by Port Arthur ISD to apply
for any opening in her qualifications and, within the norms of the school Principal having
hiring authority, [PAISD] will support her application." In April 2005, the EEOC joined the
settlement, agreed to "terminate its investigation and to not use the above referenced charge
as a jurisdictional basis for a civil action. . . ."

 In a petition filed in January 2006, Mathews sued the school district for breach of
contract and retaliation. Mathews alleged PAISD breached the settlement agreement by
failing to hire her for positions available after April 2005 for which she was the most
qualified. Mathews alleged the positions were intentionally and purposefully filled with less-qualified individuals. Mathews also alleged that the principals of the schools have not
supported her application for openings in her qualifications. Mathews alleged PAISD
retaliated against her.

 The school district's plea to the jurisdiction alleged the trial court lacked jurisdiction
over Mathews's claims because Mathews failed to submit her retaliation claim to either the
EEOC or the Texas Workforce Commission. In response, Mathews contended that the
settlement completed the administrative process. She argued that the trial court had
jurisdiction over her claims relating to the school district's breach of the settlement
agreement, and that the retaliation claim was ancillary to her claims regarding breach of the
settlement agreement. The trial court denied the plea to the jurisdiction, and PAISD
appealed. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2007).

 PAISD contends the trial court erred in determining that Mathews was not required
to exhaust the administrative remedies provided by Title VII before asserting her claims
against PAISD for breach of contract and retaliation. Generally, exhaustion of administrative
remedies is a prerequisite to bringing a civil action under Title VII or the CHRA. Schroeder
v. Tex. Iron Works, Inc., 813 S.W.2d 483, 487 (Tex. 1991). Some courts have construed
Title VII to not require an employee to bring a retaliation claim to the EEOC if the retaliation
occurs while the trial court has jurisdiction of the underlying discrimination claim. See
Carter v. South Cent. Bell, 912 F.2d 832, 841 (5th Cir. 1990); Gottlieb v. Tulane Univ. of La.,
809 F.2d 278, 284 (5th Cir. 1987); Gupta v. East Tex. State Univ., 654 F.2d 411, 414 (5th
Cir. 1981); Elgaghil v. Tarrant County Junior Coll., 45 S.W.3d 133, 142 (Tex. App.--Fort
Worth 2000, pet. denied).

 One case relied upon by Mathews excused the administrative exhaustion requirement
for the retaliation claim even though the trial court lacked jurisdiction over the underlying
discrimination claim that had been filed with the EEOC more than thirty days after the
violation occurred. Nealon v. Stone, 958 F.2d 584, 590 (4th Cir. 1992). On the other hand,
the Texarkana Court of Appeals declined to create an exception to the exhaustion of
administrative remedies, notwithstanding the "direct relationship between the exhaustion of
administrative remedies under the discrimination charges and the retaliation." Davis v. Educ.
Serv. Ctr., 62 S.W.3d 890, 894 (Tex. App.--Texarkana 2001, no pet.). In Davis, the court
noted that Section 21.055 of the Labor Code, which states that retaliation is an independent
violation of the Texas CHRA, does not create a retaliation exception to the exhaustion
requirement. Id.

 The other cases cited by the parties are largely decided based upon the status of the
underlying discrimination claim at the time the retaliation occurs. Typically, unexhausted
retaliation claims must be ancillary to a properly exhausted and timely filed discrimination
claim. See Fine v. GAF Chem. Corp., 995 F.2d 576, 577 (5th Cir. 1993) (allegedly
retaliatory act occurred before employee filed complaint with EEOC); Barrow v. New
Orleans Steamship Ass'n, 932 F.2d 473, 479 (5th Cir. 1991); see also City of Midland v.
O'Bryant, 18 S.W.3d 209, 216 (Tex. 2000). (2) Most cases that held the employee need not file
a retaliation complaint with the administrative body to pursue the underlying claim concerned
situations in which the retaliation occurred after suit had been filed on a properly-exhausted
discrimination claim. See, e.g., Carter, 912 F.2d at 836; Gottlieb, 809 F.2d at 283-84; Gupta,
654 F.2d at 413; Elgaghil, 45 S.W.3d at 137-38; see also Clockedile v. New Hampshire Dep't
of Corr., 245 F.3d 1, 5 (1st Cir. 2001) (retaliation occurred after right-to-sue letter issued and
shortly before employee filed suit). The alleged act of retaliation in Nealon apparently
occurred while the case was before the EEOC. Nealon, 958 F.2d at 587. In a later decision,
the Fourth Circuit distinguished allegations of retaliation occurring while the case is before
the EEOC from retaliation occurring after the underlying discrimination charge settled. 
Brown v. Runyon, No. 96-2230, 1998 U.S. App. LEXIS 3237 at *11 (4th Cir. Feb. 27, 1998). 
When PAISD allegedly retaliated against Mathews, no proceedings were active before any
agency or court. In her case, filing a retaliation complaint with the EEOC would not have
been a futile and redundant exercise; to the contrary, Mathews received relief on her initial
complaint, and the settlement agreement specified that the EEOC did not waive or limit its
right to investigate or seek relief on any other charge. We conclude that the trial court could
not exercise jurisdiction over an unexhausted claim solely because Mathews asserted
retaliation.

 Mathews also argues that she is not required to exhaust her administrative remedies
before asserting a claim for breach of contract. PAISD argues that the breach of an EEOC
conciliation agreement, particularly where the alleged breach constitutes an act of
discrimination or retaliation, is an action arising under Title VII that must be presented in an
administrative charge before the court may exercise jurisdiction. The parties identify a split
in the federal circuits and assert that this is apparently an issue of first impression in Texas.

 The Sixth and Ninth Circuits have held that a suit to enforce a Title VII settlement
agreement is an action under Title VII and that the plaintiff must file an administrative
charge with the EEOC prior to filing a suit for breach. See Blank v. Donovan, 780 F.2d 808
(9th Cir. 1986); Parsons v. Yellow Freight Sys., Inc., 741 F.2d 871 (6th Cir. 1984). In Blank,
a federal employee mediated a retaliatory discrimination settlement agreement that stated he
would receive equal treatment with other Department employees. Blank, 780 F.2d at 809. 
Passed over for promotion four years later, the employee filed a breach of contract suit. Id. 
Because the agreement stemmed from a negotiated settlement of an employee discrimination
complaint and an EEOC complaint had not been filed as to the present complaint, the court
held the employee could not bypass the Title VII requirements by proceeding directly to the
district court on a breach of contract theory. Id. at 809-10.

 In Parsons, the employer agreed to hire the employee in settlement of a sexual
discrimination charge filed with the EEOC. Parsons, 741 F.2d at 872. Shortly thereafter,
the employer fired the employee, allegedly for poor performance, and the employee sued. 
Id. at 872. The employee neither applied for an EEOC right-to-sue letter nor invoked the
EEOC's conciliation of the dispute over her discharge. Id. at 874. Holding the exhaustion
of administrative remedies requirement had not been met, the court noted that the
jurisdictional requirements could not be "evaded by a suit designed to enforce a contract
under state law where the contract itself is a product of EEOC action and the EEOC is a
signatory to the contract." Id.

 The Tenth and Eleventh Circuits have held that Title VII conciliation agreements may
be enforced without filing charges with the EEOC. Hinderman v. Peters, 17 Fed. Appx. 853
(10th Cir. 2001); Cisneros v. ABC Rail Corp., 217 F.3d 1299 (10th Cir. 2000); Eatmon v.
Bristol Steel & Iron Works, Inc., 769 F.2d 1503 (11th Cir. 1985). In Cisneros, the Tenth
Circuit based federal jurisdiction on the Labor Management Relations Act, not Title VII. 
Cisneros, 217 F.3d at 1302. The court held that the claim was not subject to Title VII's time-of-filing and administrative exhaustion requirements. Id. at 1306. The Tenth Circuit
distinguished Blank, in which the employee's action involved a discriminatory act, from
Cisneros's claim, which alleged the denial of his vacation request was based on a calculation
of seniority that conflicted with the terms of the conciliation agreement and the labor
agreement. Id. at 1305. The court held that exhaustion was not required because the
employee's claim was "purely contractual." Id.

 In Hinderman, a civilian employed by the United States Air Force as a clerk at Tinker
Air Force Base filed a Title VII suit after she was laid off during a reduction in force. 
Hinderman, 17 Fed. Appx. at 853. That suit terminated with an agreement to reinstate the
employee. Id. When the employee was again terminated nine months later, the employee
notified the director of the appellate review organization that the settlement agreement had
been breached. Id. The director instructed the employee to file a new complaint with the
EEOC counselor, but the employee filed suit instead. Id. The appellate court remanded the
case for the trial court to determine whether the employee was alleging new claims of
discrimination or simply attempting to reinstate her previous discrimination claims. Id. at
854. In its opinion, the court noted that whether Title VII provides a jurisdictional basis in
cases alleging only breach of a Title VII settlement agreement remained an open question
after Cisneros. Id.

 In Eatmon, a conciliation agreement between the employer and the EEOC identified 
fifteen employee-plaintiffs as members of an affected class suffering unlawful
discrimination. Eatmon, 769 F.2d at 1505. As part of the implementation of the agreement,
the employer contacted the appellees, hired fourteen of them, and obtained releases of claims
regarding employment discrimination relating to the delay in their employment. Id. at 1506. 
Although the employer paid back pay as required by the conciliation agreement, the employer
reduced the payment by the amount of earnings received during the period at issue. Id. 
Subsequently, the employees were laid off based upon the date of actual hire. Id. The
employees filed charges with the EEOC and obtained right-to-sue letters before filing suit. 
Id. The employer challenged jurisdiction on grounds that the employees filed suit more than
180 days after the alleged discriminatory acts. Id. at 1507. The appellate court held there
was federal subject matter jurisdiction of the claims which sought enforcement of the
releases and the EEOC conciliation agreement. Id. at 1508. Noting that the EEOC may go
directly to court to enforce a Title VII agreement as soon as it believes the agreement has
been breached without administrative remedies having been exhausted, the court reasoned
that because the releases were themselves Title VII conciliation agreements, the exhaustion
and limitations requirements did not apply. Id. Although the EEOC never conducted any
investigation and did not determine reasonable cause or participate in the creation of the
releases, the court reasoned that permitting the agreements to be enforced in federal court
under Title VII furthered the congressional goal of conciliation and voluntary compliance
with Title VII. Id. at 1510, 1512. The court considered that failure to permit enforcement
in federal court might encourage employers to abide by an agreement only until the deadline
for filing charges with the EEOC passed, then breach the agreement after it was too late to
file charges for the underlying discriminatory act. Id. at 1513.

 Mathews contends we should follow the Tenth and Eleventh Circuits because the
opinions from those courts relied on a precedent from the Fifth Circuit. See EEOC v.
Safeway Stores, Inc., 714 F.2d 567, 575 (5th Cir. 1983). In Safeway, the EEOC filed suit
against the employer for specific enforcement of a conciliation agreement. Id. at 570. The
appellate court rejected the employer's argument that the federal court lacked jurisdiction
because the applicable statute authorized the EEOC to sue when it was unable to secure a
conciliation from the employer but did not expressly authorize the EEOC to sue on a
contract. Id. at 571. In concluding that the EEOC has the authority to seek enforcement of
conciliation agreements in federal court, the court reasoned that Congress created an
administrative structure whereby the EEOC would have an opportunity to settle disputes
before the aggrieved party would be permitted to file a lawsuit and that the EEOC was
expressly prohibited from commencing legal action until it had attempted to negotiate
voluntary compliance. Id. at 572. This analysis does not lend support to the appellee's
position that the aggrieved party may circumvent the administrative process and proceed
directly to an enforcement action in state court.

 Mathews alleged PAISD violated the settlement agreement by retaliating against her,
presumably by hiring less-qualified individuals for positions Mathews applied for after she
settled her discrimination claims through the EEOC. As was the case in Blank, this new
action by PAISD would be actionable as a retaliatory or discriminatory act regardless of the
existence of a conciliation agreement. See Blank, 780 F.2d at 809-10. As was the case in
Parsons, the contract to be enforced was a Title VII conciliation agreement to which the
EEOC was a signatory. Parsons, 741 F.2d at 872. Eatmon and Cisneros held that
exhaustion of administrative remedies was not required for an action to enforce a settlement
agreement, but they relied on Safeway. Cisneros, 217 F.3d at 1305; Eatmon, 769 F.2d at
1508. Under Safeway, when the EEOC is involved in a settlement, it may proceed to
enforcement without further action on the part of the employee. Safeway, 714 F.2d at 573-74. Safeway does not inform us of the procedures an employee must follow to obtain
enforcement of the settlement agreement. The settlement agreement between Mathews and
PAISD certainly anticipated further involvement by the EEOC in the event PAISD engaged
in a retaliatory act, as the agreement stated that "[t]he parties agree that the EEOC is
authorized to investigate compliance with this agreement and that this agreement may be
specifically enforced in court by the EEOC or the parties and may be used as evidence in a
subsequent proceeding in which a breach of this agreement is alleged." Furthermore, there
is no compelling reason to ignore the statutorily-required exhaustion of remedies. Mathews
resolved her initial complaint through the conciliation process. If PAISD breached the
agreement, Mathews could complain to the EEOC and either obtain a right-to-sue letter or
the EEOC could act to enforce the agreement itself. Likewise, if PAISD committed a new
act of retaliation, Mathews could complain to the EEOC. Either way, PAISD could not
exploit its earlier conciliation to Mathews's detriment. We hold Mathews's claims are
subject to the statutory prerequisites for filing suit on claims subject to administrative
procedures.

 No administrative complaint has been filed with respect to the dispute before the trial
court. We hold the trial court erred when it denied the school district's plea to the
jurisdiction. Accordingly, we reverse the trial court's order and dismiss the cause.

 REVERSED; CAUSE DISMISSED.





 ______________________________

 STEVE McKEITHEN

 Chief Justice


Submitted on October 4, 2007

Opinion Delivered January 31, 2008


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Throughout this opinion, suits filed under these statutes are referred to as Title VII
or CHRA claims. 
2. Because the employees in O'Bryant did not challenge the intermediate appellate
court's holding that the trial court lacked jurisdiction because the employees failed to exhaust
their administrative remedies, the Supreme Court did not directly consider whether
exhaustion applies to a retaliation claim. O'Bryant, 18 S.W.3d at 216.